## COMMONWEALTH *vs.* ANNIE DOHERTY.

Suffolk.    March 31.—May 8, 1884.    DEVENS & COLBURN, JJ., absent.

An indictment on the Pub. Sts. *c.* 207, § 29, charging a woman with being an idle and disorderly person, and with neglecting all lawful business, and habitually misspending her time by frequenting houses of ill-fame, gaming-houses, and tippling-shops, is supported by evidence that she was seen, at all times of the day and night, frequenting one or another of the class of places named, and was not known, during that time, to be engaged in any lawful occupation or work, although there is no specific evidence of her pecuniary resources, or of their insufficiency for her maintenance; and the government is not bound to prove that she has refused opportunities to work which have been offered to her.

INDICTMENT, on the Pub. Sts. *c.* 207, § 29, charging the defendant, at Boston, on December 11, 1882, and on divers other days and times between that day and the day of the finding of the indictment, July 1, 1883, with being an idle and disorderly person, and with neglecting all lawful business, and habitually misspending her time by frequenting houses of ill-fame, gaming-houses, and tippling-shops. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows:

There was evidence on the part of the government, by the testimony of five policemen, that, from December 25, 1882, to June 11, 1883, the defendant, at all times of the day and night, was seen in tippling-shops and dance-halls, and in one instance in a house of ill-fame, and standing in the door of a house, on more than one occasion, soliciting men passing by, who were strangers to her, to enter the house in which she stood; that all of these occurrences were on North Street, in Boston; that she was not seen, during said time, engaged in any lawful occupation or work of any kind.

On the part of the defendant, there was evidence that, in January and February, 1883, she was pregnant, and was the subject of a surgical operation incident to her condition of pregnancy, on March 9, 1883; that she was admitted into the City Hospital on March 14, 1883, and was discharged therefrom on April 19, 1883, with a record of the hospital, that her " condition was much relieved."

The defendant asked the judge to instruct the jury that the facts in evidence were not, in law, sufficient to warrant the finding that the defendant was guilty; but the judge declined to give this instruction.

The defendant also asked the judge to instruct the jury, that, to warrant a finding that the defendant was guilty, there must be evidence, beyond a reasonable doubt, beside that of the fact that she habitually misspent her time in frequenting tippling-shops and houses of ill-fame, that she was in need of her own work to provide for her subsistence; that she was also physically able to do such work; and that she also had opportunities for such work; and the three facts last stated must be proved by direct and affirmative evidence.

The judge instructed the jury, as requested, upon the matters of the defendant's need, ability, and opportunity to work; did not instruct the jury that there must be direct and affirmative evidence of these facts; but instructed them that they might find, upon the facts and circumstances in evidence, that the defendant was idle and disorderly within the meaning of the law, if they had no reasonable doubt of the facts of her need, ability, and opportunity to work, her neglect of all lawful business, and her habitual misspending of her time in tippling-shops and

houses of ill-fame, notwithstanding there was no specific evidence of the defendant's pecuniary resources, or of their insufficiency for her maintenance.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. W. Doherty*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

HOLMES, J. When a material fact is not proved by direct testimony, but is left to be inferred from the facts directly sworn to, the inference need not be a necessary one. There is a case for the jury, unless the inference either is forbidden by some special rule of law, or is declared unwarranted because too remote, according to the ordinary course of events. If there is a case for the jury, they are at liberty to use their general knowledge in determining what inferences are established beyond a reasonable doubt; and the facts inferred by them are as properly proved as if directly testified to.

We cannot say that men of the world were not at liberty to infer, from the testimony in this case, that the defendant was in the tippling-shops and dance-halls mentioned for other than lawful purposes, and that she frequented houses of ill-fame. Neither can we say that the jury might not properly infer, from the fact that the defendant was engaged as and where she was, and from her own evidence, that she did not possess independent means of support, that she was physically able to work, and could have found opportunities, but neglected to do so.

*Exceptions overruled.**

---

\* A similar decision was made in Suffolk on the same day, in the case of COMMONWEALTH *vs.* DELIA HART.

HOLMES, J. The evidence in this case was stronger for the government than in *Commonwealth* v. *Doherty, supra.*

The government was not bound to prove that the defendant had had opportunities to work offered her which she had refused. It was enough, in connection with the other matters proved, if she sought no such opportunities, and neglected all lawful business. *Exceptions overruled.*

*W. W. Doherty*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.