## COMMONWEALTH *vs.* ALICE TAY.

Suffolk.   December 6, 7, 1897. — January 8, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Idle and Disorderly Person — Arrest — Jurisdiction — Married Woman.*

The Superior Court has jurisdiction, on appeal, to try, upon a complaint under Pub. Sts. c. 207, § 29, as an idle and disorderly person, one arrested without a warrant, whether his arrest was legal or illegal.

A married woman, although she is supported by her husband, or by some other person, may be convicted of being an idle and disorderly person under Pub. Sts. c. 207, § 29.

COMPLAINT to the Municipal Court of the city of Boston, under Pub. Sts. c. 207, § 29, charging the defendant with being an idle and disorderly person. At the trial in the Superior Court, on appeal, before *Fessenden*, J., the jury returned a verdict of guilty ; and the defendant alleged exceptions, and also appealed from an order overruling a motion in arrest of judgment. The facts appear in the opinion.

*E. F. Collins*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

BARKER, J.   1. The defendant having been arrested without a warrant, a complaint against her, under Pub. Sts. c. 207, § 29, as an idle and disorderly person, was made on the next day by the officer who had made the arrest, and upon this complaint a warrant was issued upon which she was brought before the Municipal Court and there tried and convicted. She appealed, and was tried and convicted upon the complaint in the Superior Court. She there moved that the proceedings be dismissed because her original arrest was unlawful, and also requested an instruction to the jury that, if at the time of her arrest she was not committing any offence, she should be acquitted ; after verdict she moved in arrest of judgment, because the court had no jurisdiction of her person upon the complaint, for the reason that it was not made until after she had been illegally arrested.

In our opinion the court had jurisdiction to try the complaint,

whether her original arrest was illegal or was authorized by law. If she was illegally arrested, she had her remedy by action for that wrong, and the illegal arrest did not prevent the court from acquiring jurisdiction to try the complaint. 4 Hawk. P. C. c. 27, § 102. Stark. Crim. Pl. 297. *Ex parte Scott,* 4 M. & R. 361; *S. C.* 9 B. & C. 446. *The King* v. *Marks,* 3 East, 157. *Ex parte Krans,* 2 Dowl. & Ry. 411. *Commonwealth* v. *Wait,* 131 Mass. 417. *State* v. *Brewster,* 7 Vt. 118. *Dow's case,* 18 Penn. St. 37. *People* v. *Rowe,* 4 Park. Cr. Rep. 253. In *People* v. *Pratt,* 22 Hun, 300, cited for the defendant, the complaint was insufficient, and therefore there was no jurisdiction.

2. The remaining contention is, that, if during the period charged in the complaint the defendant was a married woman supported by her husband, or by any one else, so that it was unnecessary for her to engage in any employment, she could not be found guilty of the offence charged. The statute expressly includes in the class of idle and disorderly persons against whom it is directed " those persons who neglect all lawful business and habitually misspend their time by frequenting houses of ill fame, gaming houses, or tippling shops." The statute does not say that there must be neglect of business which is necessary for the support of the accused. If attention to some lawful business is necessary to the support of the accused or those depending upon him, its entire neglect is proof that he is reprehensibly idle; and so in certain cases under the statute juries have been instructed that in order to convict it must be proved that the accused was in need of work to provide for subsistence. *Commonwealth* v. *Doherty,* 137 Mass. 245. See also *Commonwealth* v. *Sullivan,* 5 Allen, 511. But it has never been held that persons who are under no obligation to work cannot offend against this statute.

It has been held that the complaint need not allege that the defendant was under any necessity or duty of self-support, or of following any business or vocation. *Commonwealth* v. *Brown,* 141 Mass. 78. The neglect by a married woman of her duties as a wife, whether she is supported by her husband or by some other person, may constitute criminal idleness, as well as her neglect of the duty of earning her own living; and if such idleness is shown to concur with the misspending of her time by frequenting houses of ill fame and tippling shops, accompanying

men to bawdy houses, and being boisterous and noisy upon the streets, she may in our opinion be found guilty under the statute, although she was supported by her husband, or by some other person.

*Order overruling motion in arrest of judgment affirmed.*
*Exceptions overruled.*