COMMONWEALTH *vs.* ANNA CONLIN.

Berkshire.     September 8, 1903. — October 19, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Drunkenness. Practice, Criminal.*

Under R. L. c. 212, § 39, one may be convicted of "drunkenness by the voluntary use of intoxicating liquor" although the offence was committed in a private dwelling house without causing public disturbance.

If a defendant is brought regularly before a court to answer to a complaint for

drunkenness under R. L. c. 212, § 39, it is immaterial upon the issue of his guilt whether he was arrested legally or illegally, or was arrested at all, before the complaint was made.

Where a bill of exceptions in a criminal case alleges that the defendant was "brought before said court by virtue of a complaint in due form of law, issued by said court", and nothing in the record indicates that any question of jurisdiction was raised, it will be assumed that a warrant was duly issued and served.

COMPLAINT, received and sworn to in the District Court of Northern Berkshire on March 21, 1903, under R. L. c. 212, § 39, charging the defendant with drunkenness by the voluntary use of intoxicating liquor at North Adams on March 20, 1903.

On appeal to the Superior Court the defendant was tried before *Schofield,* J., who ruled as stated in the opinion. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*P. J. Moore,* for the defendant.

*J. F. Noxon,* District Attorney, for the Commonwealth.

KNOWLTON, C. J. At the trial upon this complaint for drunkenness the defendant offered no evidence, but requested the judge to rule "that upon all the evidence, the defendant could not be convicted." The judge refused so to rule and instructed the jury " that if they were satisfied upon all the evidence that the defendant, when found in this room, was drunk by the voluntary use of intoxicating liquor, she might be convicted under this complaint." To the refusal and to the instruction, an exception was taken.

The evidence tended strongly to show that the defendant was very much intoxicated by the use of whiskey at the time of the original arrest, although she was lying upon a couch and was making no noise or other disturbance. The exception presents the question whether one can be convicted of drunkenness in a private dwelling house, where he is making no disturbance and is not exposed to public view. This question is answered by the language of the R. L. c. 212, § 39. The offence made punishable by this section is " drunkenness by the voluntary use of intoxicating liquor," and the place where the offence is committed, whether public or private, is not an element to be considered in determining whether an accused person is guilty under the law. None of the cases relied on by the defendant bear upon the construction of this statute.

The defendant contends that her arrest without a warrant was illegal, and that therefore she could not be convicted upon the complaint. The legality or illegality of the arrest does not in any way affect the offence with which she was charged in the complaint. In *Commonwealth* v. *Tay*, 170 Mass. 192, it was held that the Superior Court has jurisdiction on appeal to try upon a complaint for being an idle and disorderly person, one arrested without a warrant, whether his arrest was legal or illegal. So here, if the defendant was regularly brought before the court to answer to a complaint for drunkenness which had been duly made and received, it was immaterial upon the question of her guilt whether she had been arrested legally or illegally, or arrested at all, before the complaint was made. The record shows that she was " brought before said court by virtue of a complaint in due form of law, issued by said court," etc., and nothing in the record indicates that any question of jurisdiction was raised, either before the district court or before the Superior Court. Although the warrant is not set out in the record, we infer that a warrant on the complaint was duly issued and served. Inasmuch as the warrant is merely the process by which the defendant is brought before the court, it is not the usual practice to send to this court a copy of it, where the jurisdiction is not questioned. Upon the whole record we must assume that the court had jurisdiction. At the trial no request was made, no instruction was given and, so far as we can see, no question was raised in regard to jurisdiction. The only question was whether the evidence warranted a conviction of the offence charged.

*Exceptions overruled.*