## STATE v BROWN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15532. Decided June 22, 1936

Alexander H. Martin, Cleveland, for appellant.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Norman S. Minor, Assistant Prosecuting Attorney, Cleveland, for appellee.

LEMERT, PJ, MONTGOMERY and SHERICK, JJ, (5th Dist) sitting.

## OPINION

By SHERICK, J.

James Brown was indicted, tried and convicted of murder in the first degree. The indictment contained two counts. The first count charged murder with deliberate and premeditated malice. The second was predicated upon the wilful killing of a police officer while in the discharge of his duty. Several matters are complained of, the first of which is in that the accused was caused to be arraigned without the advantage of counsel before the expiration of a day from the service of the indictment upon him; and that such practice contravenes §13439-1 GC, and denied the defendant's right to question the indictment by preliminary pleas. It is insisted that inasmuch as the procedure followed was improper that the court was without jurisdiction to receive the plea and that therefore matters stand as if there had been no ar-

raignment. It is our judgment that these complaints are not well founded.

The pleas entered by the accused were that of 'not guilty.' It also is disclosed that the court appointed counsel to defend the accused on the day following the arraignment. The record or the transcript does not apprise us that any request was made to the court to withdraw this plea, which would without doubt have been accorded, or an attempt made to interpose any preliminary plea to the indictment. On the other hand the accused and his counsel proceeded to trial without any objection being made. It is well settled ▮▮▮▮▮▮▮ that one may waive his constitutional right, and it is prescribed by §13439-11 GC, that when one pleads the general issue that he thereby waives all defects which might have been excepted to by preliminary. pleas. This court had occasion to hold in **Ingram v State, 35 Oh Ap 311**, that in the absence of a showing that an accused had been prejudiced in his substantial rights a reversal should not be entered. It is not pointed out wherein the appellant was prejudiced or denied a fair trial. We can and do so presume. Having gone to trial without objection, he should now be not heard to complain of that which he did not within season object to.

It is next urged as error, that the court erred in overruling the appellant's motion for a bill of particulars. §13437-6 GC prescribes in what form indictments shall be drawn. It is most liberal in this respect. The section concludes with the right granted an accused to demand a bill of particulars. It is intended that such is available to an accused when the indictment does not fully apprise him of the offense with which he stood charged. The court in **State v Whitmore, 126 Oh St 381** (386) says that

"If the accused feels that he is prejudiced because of the vagueness, indefiniteness or uncertainty of the indictment, he has a right to apply to the prosecuting attorney or to the court to have these defects remedied."

From this expression it is garnered that this right may be invoked when the indictment is unclear, vague or uncertain. It was not intended thereby as a bill of discovery as to the state's evidence, or to be allowable upon demand when caprice prompted. An examination of the indictment in this action convinces us that it is not vague, indefinite or uncertain, for it clearly set forth and apprised the defendant of the crime with which he was charged. We therefore can not find that the accused was prejudiced by the court's denial of the motion made.

As a further ground of error it is maintained that the court should have instructed the jury that it might find the defendant guilty of murder in the second degree or of manslaughter. We are of opinion that this question is fully answered as to the law in **Bandy v State, 102 Oh St 384.** It was therein recognized, (page 388) that the elemental question is, "Was there any evidence submitted to the jury in the trial of this cause from which any reasonable inference of murder in the second degree, or manslaughter, might be drawn or inferred?" Search of the record before us discloses no specific defense like alibi, self-defense, insanity, accident, drunkenness, or any other defense the defendant might have seen fit to interpose. The fact is that the defendant denied all knowledge of any shooting. That he did not shoot. That he ran away from the altercation. It further appears that he knew the deceased was a railway policeman engaged in the performance of his duties. It is therefore apparent that no evidence was offered upon which could be predicated a charge of anything less than murder in the first degree. Brown simply denied any connection with the crime charged. It is our judgment that the court did not err in the respect challenged.

It is also urged that the court improperly or insufficiently defined certain words, such as intention, purpose or malice in connection with evil intent. We see no error in this respect. We are likewise of opinion that the accused's constitutional rights were not invaded. The judgment must therefore be and is affirmed.

LEMERT and MONTGOMERY, JJ, concur.