*Western District*

## ATLAS LEATHER CO., INC.
### v.
## ALFRED CONTE, JR., ET ALS

(December 1, 1956)

*Hobson, J.* This is an action of contract brought on an account annexed against three defendants, Alfred Conte, Jr., Alfred Conte, Sr., and Italia Conte, alleging that the defendants were jointly and severally liable for the goods sold. The answer is a general denial.

*At the trial there was evidence tending to show*:

1. Through the testimony of one Lipton, representative of and salesman for the plaintiff, that:

   a. Alfred Conte, Jr. stated to the plaintiff before the plaintiff began to sell merchandise to the Shop (other than the initial order of February, 1952) that the plaintiff need not worry about the father's record in bankruptcy because he, the son, was "in business with him now."

And that prior to this conversation between Lipton and Conte, Jr., Lipton himself knew that Conte, Sr. had been through bankruptcy.

b.   Sometimes when Lipton would come to the shop Alfred Conte, Jr. would place an order in the following way:

(i)   Alfred, Jr. would ask Alfred, Sr. what *they* needed.

(ii)   Alfred, Sr. might say 6 dozen heels.

(iii)   Alfred, Jr. might suggest that 4 dozen would be enough, where the order would stand.

c.   At the time in the fall of 1954, when Alfred Conte, Jr. and his sister, Italia Conte were negotiating to obtain a Post Office lease with the U. S. Government, Alfred Conte, Jr. made the oral statement that when this project was underway, the plaintiff would get paid in full out of the proceeds.

d.   Alfred Conte, Jr. made an oral statement to the plaintiff that he, Alfred, Jr., had an accident case pending and that the plaintiff would get paid if he, Alfred, Jr., received any money from that case.

2.   Through the testimony of Alfred Conte, Sr., that:

a.   He has operated the business, a shoe repair business, for about 38 years.

b.   He bought the business with his own money.

c.   He is the father of both Alfred Conte, Jr. and Italia Conte.

d.   He left his son, Alfred, Jr., in charge when he went to the hospital for about 2 weeks in the spring of 1953.

e.   He went through bankruptcy in about 1945.

3.   Through the testimony of Alfred Conte, Jr., that:

a. He has worked off and on at the shop during the past five years as follows:

(i) End of 1952 he worked in the shop.

(ii) End of 1952 beginning of 1953 he worked at the First National Store in Lenox, Mass.

(iii) Early June 1953 to the winter of 1953 he worked at the shop.

(iv) In the winter and spring of 1954 he worked at the Lenox Super Market.

(v) From april 1954 on he worked at the shop.

(vi) Has done landscaping work for Joseph Pignatelli of Lenox, Mass., concurrently with his other work during the past five years.

After the evidence had been put in and before the arguments, the defendant, Alfred Conte, Jr., submitted the following requests for rulings:

1. On all the pleadings and evidence no reasonable person could find for the plaintiff as against the defendants, Italia Conte and Alfred Conte, Jr., and so as a matter of law there must be a verdict for these two defendants.

2. On all the pleadings and evidence, the plaintiff has failed to prove his case against the defendants, Italia Conte and Alfred Conte, Jr. by a preponderance of the evidence as required by law, and so there must be a verdict for these two defendants.

The court denied the requested rulings of Alfred Conte, Jr., and made the following finding of facts:

"This is an action to recover for merchandise sold and delivered. Except for certain minor adjustments as to credits, the only issue is whether the defendant Alfred Conte above is liable or the defendant Alfred Conte, and the defendant, Alfred Conte, Jr., it having been admitted that no case has been shown against the defendant, Italia Conte.

I find that the defendants, Alfred Conte and Alfred Conte, Jr., are liable for the merchandise sold by the plaintiff to the Conte Shop. I find that

the defendant, Alfred Conte, Jr., stated to the plaintiff before the plaintiff began to sell merchandise to the shop (other than the initial order of February, 1952) that the plaintiff need not worry about the father's record in bankruptcy because he, the son, was "in business with him now."

Credits of $86.60 were admitted to be errors in bookkeeping; credits of $29.55 were claimed by the defendants and denied by the plaintiff. I find that the total credit to be allowed is $115.95 and that the two defendants, Alfred Conte and Alfred Conte, Jr. owe the plaintiff $835.90, with interest of 6% from the date of the writ, March 26, 1956, amounting to $19.62, a total of $873.52.

I find for the defendant, Italia Conte."

There was no error in the denial of the requested rulings of the defendant, Alfred Conte, Jr.

One of the important rights given by the law to a jury or a trial judge to assist them in deciding the issues in a case, is the right to draw reasonable and permissible inferences from facts admitted or established by the evidence. Such an inference, when properly drawn, becomes a fact in the case upon which a finding or a verdict may be made.

In *Semerjian v. Stetson,* 284 Mass. 510, 514, Donahue, J., says

"The permissible drawing of an inference by a jury is a process of reasoning whereby from facts admitted or established by the evidence, including expert testimony, or from common knowledge and experience, a reasonable conclusion may be drawn that a further fact is established."

The same definition applies to the permissible drawing of an inference by a trial judge sitting without a jury.

In *C. v. Doherty,* 137 Mass. 245, 247, Holmes, J., says

"When a material fact is not proved by direct testimony, but is left to be inferred from the

facts directly sworn to, the inference need not be a necessary one. There is a case for the jury, unless the inference either is forbidden by some special rule of law, or is declared unwarranted because too remote, according to the ordinary course of events. If there is a case for the jury, they are at liberty to use their general knowledge in determining what inferences are established beyond a reasonable doubt; and the facts inferred by them are as properly proved as if directly testified to."

This case has been cited many times, and in *C. v. Desatnick*, 262 Mass. 408, 413, it is cited, and the following statement is added:

"It was not essential that the inference drawn should be the *only* necessary inference (emphasis ours). It was enough if the inference were reasonable. It was for the jury to say whether the defendant was an accessory before the fact; and if there was any evidence from which this conclusion could be drawn the verdict must stand."

While the cases cited are criminal cases, the rule laid down therein governing the permissible drawing of inferences and the use which may be made of them by juries and trial judges, applies with equal force to civil cases.

In the instant case there was a statement by the defendant, Alfred Conte, Jr. to the effect that he was in business with his father; that Alfred Conte, Jr. placed orders for merchandise, and that he worked at the shop at the times stated above, and had on one or two occasions promised to pay the bill. We believe that from this testimony the trial judge was fully warranted in drawing the inference and finding as a fact that Alfred Conte, Jr. was carrying on the business with his father, Alfred Conte, Sr., and that both were liable for the merchandise sold and delivered to them.

There was no prejudicial error on the part of the trial judge in denying the requested rulings of Alfred

Conte, Jr., or in his finding for the plaintiff. The report should be dismissed.

We note from the figures in the finding of the trial judge that there is an error made in the addition of the amount of interest. If the figures given to us are correct the total amount should be $855.52 rather than $873.52. If upon examination of the figures in the original finding made by the trial judge this error appears it should be corrected.

Andrew T. Campoli, for the plaintiff.

Arthur H. Gregory, for the defendant.

*Western District*