**STATE, Plaintiff-Appellant, v. ZDOVC, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24487.   Decided July 10, 1958.

N. A. Brinsky, for plaintiff-appellant.
R. E. Reichert, for defendant-appellee.

## OPINION

By KOVACHY, J.

The State of Ohio, the plaintiff in a criminal case, brings this appeal on questions of law from a judgment of the Parma Municipal Court wherein a motion made, sua sponte, by the court to quash the citation, summons. affidavit and warrant was granted and the defendant discharged.

The record discloses that the defendant was arrested on January 7, 1958, by a police officer of the City of Parma, on view, for allegedly driving his automobile while under the influence of intoxicating liquor within the corporate limits of the City of Brooklyn. An "arrest affidavit" with full details was filled out by the arresting officer, charging the defendant with violating §4511.19 R. C., and filed with the Clerk of the Parma Municipal Court. No jurat appears thereon. Court appearance was set for January 21, 1958 at 9:00 A. M. Bond was set at $200.

The defendant made his appearance in court, without counsel, on January 21 and entered a plea of "Not Guilty." The trial commenced and the arresting officer, upon being duly sworn, took the witness stand and testified that he was patrolling Brookpark Road in Parma when he observed the defendant driving "in a suspicious manner" on the Brooklyn side of said Brookpark Road, that he thereupon arrested the defendant and detained him until he could obtain a warrant from a court of competent jurisdiction. The court, at this point, interrupted the trial to raise the question of the legality of the arrest of the defendant in the City of Brooklyn by a police officer of the City of Parma and continued the case for further hearing to January 23. The record shows that on January 23, an affidavit, proper in form, was executed and filed with the Clerk of the Parma Municipal Court and a warrant issued thereon, charging the defendant with violating §4511.19 R. C., "in that he did operate a Chev. 2-door bearing license plates AM 6615 on Brookpark Road while being under the influence of alcohol." The record also shows that the defendant appeared on January 23 for disposition of his case but that no witness took the stand at the hearing. Rather, the court made a statement, in open court, to the effect that it intended to discharge the defendant for the reason "that a police officer of a municipal corporation has no power or authority to arrest or detain anyone found violating a state law, constituting a misdemeanor, outside of the corporate limits of the municipality which he serves." The prosecutor, thereupon, asked for leave to file a brief, which was allowed and the case passed for such purpose. The entry on the journal reads: "Court's own motion entered for dismissal. Prosecutor to file brief on or before January 30, 1958." Another leave was given the prosecutor until February 4, 1958 on which date this entry appears on the journal:

"After full consideration of brief filed on behalf of the City of Parma the court on its motion hereby quashes the citation, summons, and affidavit and warrant and further orders that the defendant be discharged."

The State of Ohio here contends that this ruling of the court was contrary to law and that the court erred in discharging the defendant. It maintains that police officers of a municipality are state officers, who derive their authority from the state, and are authorized under §2935.03 R. C., to "arrest and detain a person found violating a law of this state," anywhere in the state. Counsel representing the trial court, on the other hand, maintains that a police officer of one municipal corporation has no authority to arrest or detain without a warrant "a person found violating a law of this State, to wit: a misdemeanor, and more par-

ticularly a violation of a motor vehicle law, which violation occurred entirely within the corporate limits of another municipal corporation."

\*     \*     \*     \*     \*

The Parma Municipal Court is a creature of the Legislature of the State of Ohio and its jurisdiction is consequently found in the statutes enacted in relation thereto. Its Territorial Jurisdiction is found in §1901.02 R. C., effective June 17, 1957, and reads as follows:

"The municipal courts, established by §1901.01 R. C., have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record. \* \* \* The municipal courts also have jurisdiction as follows:

"\* \* \*

The Parma municipal court has jurisdiction within the corporate limits of the municipalities of Parma Heights, Brooklyn, Lindale, North Royalton, Broadview Heights, Seven Hills, and Brooklyn Heights in Cuyahoga county." (Emphasis ours.)

Its Criminal Jurisdiction is found in §1901.20 R. C.:

"The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory and of any misdemeanor committed within the limits of its territory. In all such prosecutions and cases, the court shall proceed to a final determination thereof. The court has jurisdiction to hear felony cases committed within its territory and to discharge, recognize, or commit the accused. The court also has jurisdiction within the limits of the county or counties in which its territory is situated of those crimes and offenses which are within the county wide jurisdiction of justices of the peace."

These sections established beyond question that the Parma Municipal Court has the jurisdiction to prosecute the violation of a misdemeanor, prohibited by state law, that occurs anywhere within its territorial jurisdiction, including the City of Brooklyn.

The law is that the prosecution of a criminal case in our courts commences with the finding of an indictment by a grand jury, the filing of an information by a prosecuting attorney, or the filing of an affidavit by a citizen or peace officer. It is not commenced by or with the arrest of the person. Such arrest may take place before or after the filing, with the court, of documents formally instituting the criminal prosecution, depending upon the circumstances of each case.

The syllabus in the case of Britton v. Granger, 13 O. C. C. 281, 7 C. D. 182, states the law as follows:

"Where an officer finds one violating a law or ordinance, and arrests him, and thereafter files affidavit charging him with the offense he was found committing, the prosecution begins with the filing of the affidavit and not with the arrest."

The record shows that the "arrest affidavit" filed with the clerk on the day of the arrest was not sworn to when signed by the arresting officer, and, therefore, it was not an affidavit. A proper affidavit was first filed with the clerk on January 23, 1958. It necessarily follows from this state of the record that the charge brought January 7 was of no legal effect, that the plea of "Not Guilty" was without substance in law, and that the partial hearing on January 21, was without sanc-

tion of law. All proceedings, as a consequence, prior to said January 23, were void ab initio and of no legal effect whatever, and the defendant was not lawfully within the orbit of the court's power and authority on the charge brought against him by the arresting officer until January 23 when a valid affidavit was first filed. The court's motion to quash and discharge defendant appears on the transcript as of January 23. A motion to quash is directed to a defect apparent upon the face of the record, including defects in the form of an indictment or affidavit, and in the manner in which an offense is charged. **Sec. 2941.54 R. C.** It is not the correct legal procedure and is clearly improper to question a matter extrinsic to the record, as here intended. Moreover, as the matter then stood, the defendant had entered a plea of "Not Guilty." This, likewise, made the motion highly irregular since under the law an accused "waives all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment, or by pleading in bar or the general issue." **Sec. 2941.59 R. C.** This statute applies as well to a criminal charge based on an affidavit. **Cincinnati v. Schell, 125 Oh St 57, 180 N. E. 545.**

Be that as it may, the motion to quash the citation, summons, affidavit and warrant and to discharge the defendant was granted on the ground that **the arrest was illegal.** From this it is manifest that the trial court was of the opinion that it lacked jurisdiction to try the defendant, believing the arresting officer to be without authority to arrest the defendant for a violation outside of the municipality he served, though the arrest was on view and for the violation of a state law.

**Sec. 2935.03 R. C.,** authorizing a police officer to arrest a person for a violation of a state law on view without a warrant, reads as follows:

"A sheriff, deputy sheriff, marshal, deputy marshal, watchman, or police officer shall arrest and detain a person found violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained.

"A constable within the limits of the township in which said constable has been appointed or elected, shall arrest and detain a person found by him in the commission of a misdemeanor, either in violation of a law of this state or an ordinance of a village, until a warrant can be obtained."

Under the common law, peace officers had no right to arrest a person for a misdemeanor committed in their presence without a warrant, outside of the confines of the territory they served, and this is the law generally followed in the United States today, except in states where it has been changed by statute.

"In the absence of statutory permission, a peace officer, when making an arrest within the state, has authority to make an arrest only within the confines of the geographical unit of which he is an officer." 6 Corpus Juris Secundum, 610, Section 12(2).

See also 4 Am. Jur. 35, Sec. 51; 4 Wharton's Criminal Law and Procedure, 277, Sec. 1614.

Police officers in Ohio, though serving municipalities, are **State** officers. Laws of the state dictate their appointment, authority, organi-

zation, term of office, composition, and control, general duties, hours of work, retirement, pension, removal, etc. **Sec. 737.01 et seq, R. C.**

In the light of this clearly expressed policy of the state, it may well be that the Legislature intended, by the language employed in the first paragraph of §2935.03 **R. C.,** and the exception stated with respect to Constables in the second paragraph, that police officers be authorized thereby to make arrests for a violation of a state law on view without a warrant anywhere in the state. This question, however interesting, does not come to us for determination in this case for the reason that the method or the means employed for the apprehension and detention of a person charged with committing a criminal offense is immaterial in the prosecution of the person where, as here, the defendant is physically before the court, and the jurisdiction of the court is duly invoked by the filing of a valid affidavit charging an offense that is within its criminal jurisdiction and alleging its commission in a location inside its territorial limits.

The great weight of authority, both in the United States and England, reaching back many years, supports this rule of law with respect to criminal procedure and practice.

In Ex Parte Scott, 4 Man & R. 361, 9 Barn & C. 446 (1829), the British subject was arrested by a marshal of the Kings Bench under a warrant upon an indictment for a misdemeanor in Brussels Belgium, and brought back to England, clearly an illegal arrest. Judge Park stated the applicable law as follows:

"If such a party has been really illegally arrested, he has his remedy for that wrong by action but he is not to be allowed the opportunity of escaping and altogether eluding public justice merely because there was some irregularity in his original apprehension."

The Supreme Judicial Court of Massachusetts in Commonwealth v. Conlin, 184 Mass. 195, 68 N. E. 207, stated the law in paragraph two of the syllabus:

"2. Where the record on appeal from a conviction for drunkenness showed that defendant was regularly brought before the superior court by virtue of a complaint issued by such court, the fact that she was arrested without a warrant before such complaint was issued, and whether her arrest was legal or illegal was immaterial."

The Supreme Court of North Carolina in State v. Sutton, 244 N. C. 679, 94 S. E. 2d 797, had the following to say in paragraph one of the syllabus:

"The fact that the arrest of defendant was illegal because municipal police officers pursued defendant and arrested him outside the corporate limits of the municipality does not affect the jurisdiction of the court over the offense for which defendant was arrested, and the court may try defendant on a valid warrant charging him with driving at a speed in excess of 80 miles per hour."

In 15 Am. Jur., 15, Sec. 317, it is stated:

"As a general rule, the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant."

108

See Commonwealth v. Gorman, 288 Mass. 294, 192 N. E. 618; The People v Rowe, 4 Parker's Criminal Reports, 253; Ker v. Illinois, 119 U. S. 436; 7 S. Ct. 225, 30 L. Ed. 421; State v. May, 57 Kan. 428, 46 P. 709; Commonwealth v. Tay, 170 Mass. 192, 48 N. E. 1086; People v. Miller, 235 Mich. 340, 209 N W. 81; People v. Ostrosky, 95 Misc. 104, 160 N. Y. S. 493, 34 N. Y. Cr. R. 396; State v. McClung, 104 W. V. 330, 140 S. E. 55, 56 A. L. R. 257. For additional authorities in support of the above view, see Annot. 56 A. L. R 260.

We hold, therefore, that the judgment granting the motion to quash the citation, summons, affidavit and warrant and the discharge of the defendant was erroneous; that the defendant, under the circumstances shown by this record, has not been in jeopardy; that the defendant is presently properly before the Parma Municipal Court on a charge of violating §4511.19 R. C., on which he has as yet not been arraigned and tried; that the Parma Municipal Court has the jurisdiction and is hereby directed to proceed with the trial of the cause to its final disposition.

Judgment reversed and cause remanded for further proceedings according to law, not inconsistent with this opinion.

Judgment reversed and cause remanded.

SKEEL, PJ, HURD, J, concur.