## STATE, Plaintiff, v. PAIRAN, Defendant.

Common Pleas Court, Licking County.

No. 9300. Decided December 15, 1958.

485

Forrest B. Ashcraft, Pros. Atty., Newark, Jack C. Flowers, Special Counsel, Columbus, for plaintiff.

James Lantz, Lancaster, for defendant.

## OPINION

By HOLTSBERRY, J.

A criminal charge was filed in the Mayor's Court of Hebron, Licking County, Ohio, charging that defendant ". . . . unlawfully operated a watercraft on the waters of Buckeye Lake—a State owned park, without due regard for the safety and rights of operators and occupants of all other watercraft, and so as to endanger the life, limb and property of persons while in the lawful use of the waters of Buckeye Lake. Contrary to and in violation of §1541.11 R. C., and Rule 9-G and 9-H, of the Ohio Division of Parks, Department of Natural Resources."

Defendant was taken before said Mayor's Court, and entered a plea of not guilty. A constitutional question was raised, and the Mayor certified the case to the Court of Common Pleas of Licking County, Ohio. The case came on to be heard, and all counsel expressed their interest that the Court make a determination of the constitutional question involved.

Sec. 1541.11 R. C., provides as follows:

"The Division of Parks shall make and enforce such rules and regulations in accordance with §§119.01 to 119.13, inclusive, R. C., for the control and management of watercraft upon the waters of any reservoir, park or other body of water under the management and control of the Division as are necessary to the proper conduct of such reservoir, parks or bodies of water, including the establishment of motorboat lanes and speeds."

Rule 9G and H of the Division of Parks, Department of Natural Resources of the State of Ohio, provides:

"9 (g) It is prohibited for any person to operate any watercraft

without due regard for the safety and rights of others, or to operate such watercraft in such a manner as to endanger life, limb, or property.

"(h) It is prohibited for any person operating a power craft to repeatedly change the direction of the power craft being operated without a substantial reduction in speed, except where such a course of conduct is necessary in order to avoid navigation hazards."

The penalty for violation of the above statute and rules is contained within §1541.99 R. C., which provides:

"Whoever violates §§1541.09 to 1541.21, inclusive, R. C., or any rules and regulations of the Division of Parks shall be fined not less than ten nor more than one hundred dollars."

Defendant contends that the above section and corresponding rules of the Division of Parks are void as being an unconstitutional delegation of legislative power, and that the crime stated in the complaint herein is void, and of no effect.

The Ohio Supreme Court in Mitchell v. State, 42 Oh St 383, stated at page 385: "In Ohio, as under the Federal Government, we have no common law offenses. No act, however atrocious, can be punished criminally, except in pursuance of a statute or ordinance lawfully enacted."

Clearly, under Ohio law, no act is punishable as a crime unless such act is founded upon a properly adopted statute or ordinance. (See Smith v. State, 12 Oh St 466.)

It is provided in Article II, Section 1, Ohio Constitution, that the "legislative power of the State shall be vested in a General Assembly consisting of a Senate and House of Representatives." It is a maxim in constitutional law, and a cardinal principle of representative government that the Legislature cannot delegate its legislative power, that is, the power to make laws, to any other body or authority, except when authorized by the Constitution, itself, either expressly or by implication, and any attempt to do so is unconstitutional and void. (10 O. Jur, Second, Section 308.)

The prerogative of the Legislature is one involving wisdom, judgment and prudent discretion of a high order, and such trust imposed cannot be shifted to other shoulders; neither can there be a substitution of the judgment and discretion of any other body or authority for the Legislature, itself. (State v. Park District, 120 Oh St 446; Matz v. Curtis Cartage Company, 132 Oh St 271; Belden v. Life Insurance Company, 143 Oh St 329.)

As to what the Legislature may delegate, and what it may not, the court in Railroad Company v. Commissioners, 1 Oh St 77, spoke clearly in stating: "The true distinction, therefore, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and in conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made."

True, the Legislature may confer upon administrative boards or agencies power to adopt subordinate rules which are administrative in nature and are designed to carry out the law designed by the Legislature. However, generally, the Legislature must prescribe fixed definite stand-

ards and rules of guidance which must be followed by the subordinate agencies. There must be an adequate yardstick provided for the guidance of the executive or administrative body or officer to execute the law, because such regulations are subordinate to legislative policies defined by statute, and must be within the frame work of such policy. 11 American Jurisprudence, Section 240; also see decision of the Supreme Court of the United States in Panama Refining Company v. Ryan, 239 U. S. 495, wherein, in Section 9 (c) of the National Industrial Recovery Act, it was held an unconstitutional delegation of legislative power to the President.

Complexities of modern life have made establishment essential of numerous boards and commissions, resulting often in a difficult problem arising with respect to the delegation of powers. Justice Cardoza, with his picturesque language, once in writing of such powers, said they must not be "unconfined and vagrant," and must be "canalized within banks that keep it from overflowing."

In board of health cases courts have usually upheld delegation without standards being set up, but these particular instances have been where the court found that such would be impossible, or impractical. Such would not be the situation with the instant case.

Consideration of the question before this Court in the instant case, construed in the light of the principles of law discussed herein, leads this Court to the conclusion that §1541.11 R. C., and Rule 9 G and H, of the Division of Parks, Department of Natural Resources of the State of Ohio are void and of no effect as being an unconstitutional delegation of legislative power. The Revised Code Section uses the words: "as are necessary." Subsequent §1541.99 R. C., prescribes the penalty. Thus, the Legislature leaves to the discretion of the Division of State Parks, and to the whim of its subordinate officials, the determination of what conduct on the inland waters of this State will constitute a crime to which the penalty will be applied. The statutes does not set forth standards. No adequate guides are prescribed for the Division to follow—not even a broad statement of legislative policies is apparent. Clearly, the doing of such would not have been impossible or impractical.

The Legislature has displayed high ability in passing laws pertaining to highway and motor vehicle legislation, a more complicated subject, and other related laws pertaining to watercraft which clearly reveals prudent understanding and in the opinion of this Court, any argument that the subject of watercraft is beyond the comprehension of our Legislature is as weak as the old example of soup made from the shadow of the skeleton of a pigeon that has died from starvation.

Would anyone even dare suggest a parallel situation—that the Legislature could confer upon the Department of Highways, the power to determine what conduct on the part of motorists in Ohio constitute various traffic offenses? Obviously not. The Legislature has set forth very specific standards of motor vehicle operation on Ohio public highways, such as speed laws and passing zones. There is no valid reason why specific watercraft standards could not be set forth for the inland waters of Ohio by the Legislature.

Sec. 1541.12 R. C., concerns sailing vessels and regulations; §1541.13 R. C., sets forth required equipment for motor boats; §1541.14 R. C., deals with signal regulations for boats. This Court respectfully suggests the urgent need that the Ohio Legislature, by legislative act, set forth specific regulations in connections with speeding and reckless operation of watercraft on the inland waters of Ohio.

For reasons stated herein, this Court finds the criminal charges filed against defendant are void, and of no effect, and that §1541.11 R. C., amounts to an unlawful delegation of legislative power to the Division of State Parks.