AVON LAKE (CITY), PLAINTIFF, v. BURKE, DEFENDANT.

Municipal Court, Avon Lake.

No. 2509.

JENSON, J. The defendant, Lawrence Burke, is charged by affidavit with the violation of Section 1:06 Rules and Regulations of the Municipal Water Department of Avon Lake. No ordinance of the Municipality is cited and upon inquiry the Court is advised that the omission is intentional and not an oversight.

The Court on its own motion has dismissed the complaint against the defendant Burke on the ground that the affidavit is insufficient and does not charge defendant Burke with the commission of a crime. It is fundamental that the jurisdiction of this Court to punish by fine or imprisonment any defendant begins with the filing of a proper affidavit. See Section 1901.20, Revised Code, and *State* v. *Zdovc*, 79 Ohio Law Abs., 102.

In the opinion of this Court the affidavit in this case is not a sufficient affidavit and does not charge the defendant with the commission of a misdemeanor.

The Court has not overlooked Section 51 of the Charter of the Municipality of Avon Lake, which provides in part as follows: "The Board may make such by-laws and regulations,

and appoint or employ such personnel as it may deem necessary for the safe, economical and efficient management, operation and protection of such works, plants and public utilities. Such by-laws and regulations when not repugnant to the ordinances of the Municipality, the Constitution of the State of Ohio, and to this Charter, shall have the same validity as municipal ordinances.'' In the opinion of this Court this Section is insufficient to imbue the Board of Municipal Utilities with the power to define criminal conduct or to provide penalties for misdemeanors.

Section 51 of the Charter must be read in conjunction with Section 3, which provides, ''. . . the legislative power of the Municipality granted by this Charter and by the Constitution and the laws of the State of Ohio, shall be vested in Council.''

The power to define conduct as criminal and to provide penalties is too important to be left without safeguards. The ordinances passed by a Municipal Council are required to meet certain safeguards. The meetings of Council are open, the proceedings are published and publicized, the ordinances passed are the subject of a possible veto, and, after passage ordinances are posted prominently or other formal notice is given. Unless an ordinance is passed as an emergency measure it requires reading at three separate meetings of Council.

On the other hand, the regulations of a Board of Municipal Utilities do not meet these safeguards. The formalities for the passage of an ordinance are not followed. There is no provision for veto. The degree of publication and publicity may vary with the policies of the Municipal Utilities Board.

This Court is not attempting to pass on the question of whether a Board of Municipal Utilities may impose penalties by addition to its service charge or by discontinuance of service. These questions are not before the Court.

Insofar as Section 1:06 Rules and Regulations of Municipal Water Department of Avon Lake attempts to define criminal conduct or to determine certain acts as misdemeanors it is repugnant to the Constitution of the State of Ohio. The complaint against the defendant is dismissed and the defendant is discharged. See *State* v. *Pairan*, 80 Ohio Law Abs., 484, for an interesting comparison.