Herbert, J.
After he entered his plea of “not guilty” and the court proceeded to hear the evidence, the defendant, during his own testimony, for the first time complained that he had been unreasonably seized, unlawfully arrested, and that his constitutional rights were thereby violated; that the ‘ ‘ arresting” officer did not actually see the happening with which defendant was charged; that such arrest was based upon hearsay; and that the affidavit was signed by the name of an officer who was not actually present at the time of the arrest, and that consequently the arrest was unlawful.
Proper, orderly and adequate procedures for the timely filing of pleas, demurrers and motions which may be utilized by an accused to search the entire record leading up to his arraignment are provided by the statutes of Ohio. Sections 2943.10, 2941.55, 2941.54 and 2943.03, Revised Code, provide for the filing of pleas in bar, pleas in abatement, motions to quash, pleas of former jeopardy, and certain derivative pleas. These sections are made applicable to prosecutions for misdemeanors brought under affidavits and warrants by the provisions of Sections 1901.21 and 2941.35, Revised Code.
However, under the provisions of Section 2941.29, Revised Code, unless objection to an indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, such objection will not be heard or upheld as to defects in form or substance.
Unless such pleadings are timely and filed prior to pleading to the general issue, all defects which might have been reached by such action are deemed to have been waived.
“The accused waives all defects which may be excepted to *405 by a motion to quash or a plea in abatement, by demurring to an indictment, or by pleading in bar or the general issue. ’ ’ (Emphasis added.) Section 2941.59, Revised Code.
This rule is followed in the second paragraph of the syllabus in State v. Schultz, 96 Ohio St., 114, which reads as follows: “By demurring, pleading in bar, or by pleading to the general issue, he is held to have waived the defects which might be taken advantage of by a motion to quash.” (Emphasis added.)
The rule is further substantiated by the following headnote one of State v. Brown, 22 Ohio Law Abs., 114, “One who pleads the general issue thereby waives all defects which might have been excepted to by preliminary pleas,” and by the fourth paragraph of the syllabus of State v. Zdovc, 106 Ohio App., 481.
The defect of which the defendant herein complains is an irregularity which arose prior to his trial and could and should have been reached by one of the pleas provided for by statute, and thus, under the above-quoted section (Section 2941.59, Revised Code), defendant has waived any objection he might have taken thereto.
The judgment of the Court of Appeals should be, and hereby is, affirmed.

Judgment affirmed.

Taet, C. J., Zimmerman, Matthias, O’Neill and Grieeith, JJ., concur.
Gibson, J., concurs in the syllabus and judgment only.