COMMONWEALTH vs. VARTAN MEKALIAN & another.

Suffolk.    November 4, 1963. — December 2, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Arrest.    Search and Seizure.    Evidence,* Illegally seized material.

An alleged misdemeanor of registering bets in violation of G. L. c. 271, § 17, although committed in the presence or view of police officers and continuing when the officers arrested the alleged offenders without any warrant, did not involve a breach of the peace, nor was any right to make the arrests without a warrant conferred by § 2; the arrests were unlawful, searches of the alleged offenders thereupon conducted were illegal, and material seized in the searches was illegally seized and should be suppressed on motions by them in a criminal proceeding against them under § 17.

COMPLAINT received and sworn to in the District Court of Chelsea on May 2, 1963.

Upon appeal to the Superior Court, motions by the defendants to suppress evidence were heard by *Donahue, J.,* who reported a question of law.

*Alfred Levenson* for the defendants.

·*James E. Foley,* Assistant District Attorney, for the Commonwealth.

SPALDING, J.    On the evening of May 1, 1963, at Wonderland Park, where dog schooling races were being conducted, one Farrell, a State police officer, observed another police officer (Murphy) place a bet on a dog with the defendant Toscano. He saw Toscano, with a racing sheet in his hand on which he had made a note, pass a dollar bill to the defendant Mekalian. When the dog, on which the bet was placed, won, Mekalian was seen handing $3 to Officer Murphy. Thereupon the officers, without any warrant, exhibited their badges and placed both defendants under arrest. They then seized the racing sheet containing the notation, together with other racing sheets on which there were no notations, and took the defendants to a room below the grandstand and searched them. The search revealed

some money, $105 of which, Mekalian admitted, were profits which he had made at the track that evening.

Following a conviction in a District Court, on a complaint under G. L. c. 271, § 17, the defendants appealed to the Superior Court. In that court the defendants filed motions to suppress the evidence seized incidental to the arrests. The facts having been agreed upon, the court, under G. L. c. 278, § 30A, reported the question of law presented by the motions.

The defendants' motions to suppress are grounded on the assertion that the searches were incidental to an unlawful arrest and were illegal and hence any evidence obtained as a result of the searches should be suppressed. The question for decision is whether the searches, which were not made under a search warrant, were incidental to a lawful arrest, for, if they were not, the searches were illegal.

The offence which the defendants are alleged to have committed and on which the complaint is based is defined by G. L. c. 271, § 17, and is a misdemeanor.[1] "A peace officer, in the absence of statute . . . may arrest without a warrant for a misdemeanor which (1) involves a breach of the peace, (2) is committed in the presence or view of the officer . . . and (3) is still continuing at the time of the arrest or only interrupted, so that the offence and the arrest form parts of one transaction." *Commonwealth* v. *Gorman,* 288 Mass. 294, 297. The offence satisfied the second and third requirements of the foregoing rule, but it did not satisfy the first requirement; the arrest was without a warrant and there was no breach of the peace. As we said in the *Gorman* case, "Not every misdemeanor involves a breach of the peace. For example, the possession of short lobsters involves none. *Commonwealth* v. *Wright,* 158 Mass. 149, 159. Voluntary drunkenness in private, though a crime (*Commonwealth* v. *Conlin,* 184 Mass. 195), is not of itself a breach of the peace. *Commonwealth* v. *O'Connor,* 7 Allen, 583." P. 298. There was nothing about the of-

---

[1] No right to arrest without a warrant is conferred by § 17.

fence here (registering bets) which could be said to involve a breach of the peace.

The Commonwealth's contention that the defendants' conduct constituted a common nuisance under G. L. c. 271, § 20, and was therefore a breach of the peace is without merit and requires no discussion. Nor, contrary to the Commonwealth's contention, was any right to make the arrests in question conferred by G. L. c. 271, § 2, which makes it an offence for one in a public place to play at "cards, dice or any other game for money or other property, or [to place] bets on the sides or hands of those playing." That section gives to certain officers, which would include the arresting officers here, the right to arrest without a warrant those committing the offence in their presence. The defendants were not playing "at cards [or] dice" "or any other game." *Becker Transp. Co. Inc.* v. *Department of Pub. Util.* 314 Mass. 522, 526.

We are of opinion that the arrests here without a warrant for an offence defined by § 17 were unlawful and that the evidence obtained pursuant to the arrests was illegally seized. Such evidence cannot be used at the trial and the motions to suppress should be allowed. *Commonwealth* v. *Spofford,* 343 Mass. 703.

*So ordered.*