COMMONWEALTH *vs.* PETER F. DIAS
(and two companion cases[1]).

Bristol.    October 4, 1965. — October 28, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Search and Seizure. Arrest. Evidence,* Illegally seized material.

In criminal proceedings for violation of gaming and lottery laws, a search
warrant issued on the basis of an affidavit stating merely that the affiant
"believes, and has probable cause to believe," that certain premises
were being used unlawfully as a common gaming house, without more,
was invalid; and material seized under such warrant was illegally seized
and should be suppressed as evidence on motion by the defendants.
[584]

An arrest without a warrant for the misdemeanors of violations of gaming
and lottery laws, not constituting a breach of the peace, was illegal.
[585]

COMPLAINTS received and sworn to in the First District
Court of Bristol on July 18 and July 20, 1964.

Upon appeals to the Superior Court, certain questions of
law were reported by *Bento,* J., a District Court judge sit-
ting in the Superior Court under statutory authority.

*Melvin S. Louison* for Albert Hyatt & another.

*Talbot T. Tweedy,* for Peter F. Dias, submitted a brief.

*Edmund Dinis,* District Attorney, *& L. Barry Tinkoff,*
Assistant District Attorney, for the Commonwealth, sub-
mitted a brief.

SPIEGEL, J. Following convictions in a District Court on
charges of violation of various gaming and lottery laws
(G. L. c. 271, §§ 7, 17 and 18), the defendants appealed to
the Superior Court. In that court the defendants renewed
motions made in the District Court to suppress evidence, to
dismiss and for the return of certain personal property.
After hearing, the trial judge denied the motions. The
facts having been agreed on, the judge reported three ques-
tions of law presented by the motions.

---

[1] The companion cases are against Albert Hyatt and Raphaell M. Vega, Jr.

The first question presented for decision is whether "the affidavit based only upon the 'belief' of the affiant without anything else is a sufficient affidavit to permit the issuance of a search warrant."

The affidavit states that the officer "believes, and has probable cause to believe that the rooms in the cellar and every story of a certain building . . . namely: Corner Cafe, 50 Washington Street, Taunton, 1st floor of 3 story wooden structure . . . is unlawfully used as and for a common gaming house . . . ." The Commonwealth asserts that statements in support of the affidavit were made to the official issuing the warrant, but there is nothing in the record before us to support this assertion.

General Laws c. 276, § 2B, requires that the affidavit in support of an application for a search warrant contain "facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant." Search warrants for gaming violations are to be issued under G. L. c. 271, § 23, only "if satisfactory evidence is presented." The rule established in *Aguilar* v. *Texas,* 378 U. S. 108, 114, is that "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones* v. *United States,* 362 U. S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant . . . [drew his conclusions], and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf* v. *United States,* 376 U. S. 528, was 'credible' or his information 'reliable.' "

In the instant case the affidavit did not state the basis for the officer's belief and therefore was insufficient to permit the issuance of a warrant. *Nathanson* v. *United States,* 290 U. S. 41. *United States* v. *Ventresca,* 380 U. S. 102. See *Commonwealth* v. *Lepore, ante,* 121, 123. See also *Commonwealth* v. *Lillis, ante,* 422, 423–424.

The second question presented has become academic in view of the determination above stated and consequently requires no answer.

The final question presented is ''Whether or not, on the facts stated, the police had the right or authority to make an arrest and to seize certain personal property.''

An arrest without a warrant for a misdemeanor, such as is involved in these cases, which does not amount to a breach of the peace is unlawful, even though the misdemeanor is committed in the presence of an officer. *Commonwealth* v. *Wright,* 158 Mass. 149. *Commonwealth* v. *Mekalian,* 346 Mass. 496.

The warrant in the cases at bar was invalid because the affidavit accompanying its issuance was insufficient. For this reason both the arrest and the seizure of evidence were unlawful. Such evidence cannot be used at the trial and the motions to suppress should be allowed. *Commonwealth* v. *Mekalian,* 346 Mass. 496, 498.

*So ordered.*