COMMONWEALTH *vs.* SEVERIO F. MUTO. June 3, 1966. The defendant was found guilty by a judge of the Third District Court of Eastern Middlesex on two charges of violating G. L. c. 271: (1) under § 7 of being concerned with setting up a lottery; and (2) under § 17 of registering bets. Before trial the defendant's motion for the suppression of evidence was denied. On October 30, 1963, before the effective date of St. 1964, c. 557, a police officer, whose affidavit containing no recital of underlying facts was presented to the magistrate for the issue of the search warrant, also offered a written statement reading: "I . . . have probable cause to believe that the wooden frame, 2 story dwelling house, located at 57 Walnut St. Framingham, is being used for the purpose of registering bets and of setting up and promoting a lottery." No important facts in amplification of the affidavit appear in testimony before the issuing clerk. The official issuing the warrant did not have before him "basic facts suf-

ficient to permit him to determine for himself whether probable cause existed." *Commonwealth* v. *Owens, ante,* 633, 635. There was not a compliance with G. L. c. 271, § 23. *Commonwealth* v. *Dias,* 349 Mass. 583, 584. There also was no compliance with the Fourth Amendment to the Constitution of the United States. *Aguilar* v. *Texas,* 378 U. S. 108, 114. See *Commonwealth* v. *Rossetti,* 349 Mass. 626, 631.

*Exceptions sustained.*

*Judgment for the defendant.*

*Herbert A. Black, II,* for the defendant.

*Ralph F. Champa, Jr.,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District 'Attorney, with him), for the Commonwealth.