ant's arrest was without probable cause, it was invalid, either with or wthout a warrant, and any search incident thereto was necessarily unlawful.[3]

Defendant's motion to suppress the evidence obtained in the search incident to his arrest is, therefore, sustained, and it is so ordered.

Village of Pepper Pike *v.* LaMaida.

[Cite as Pepper Pike v. LaMaida (1970), 25 Ohio Misc. 252.]

(No. PP 102—Decided December 18, 1970.)

Shaker Heights Municipal Court.

*Messrs. Walter, Haverfield, Buescher & Chockley* and *Mr. Robert L. Musser,* for plaintiff.
*Mr. Phillip C. Barragate,* for defendant.

---

[3] At the time of the arrest the defendant was searched and he was found to have narcotics on his person. It was these narcotics which the defendant sought to suppress. The court in the companion case refused to suppress the articles in the make-up bag turned over to police by Miss Raisch as such articles were not as a rseult of a search; however, the case was nullied as there was no evidence that such narcotic articles were in the possession of the defendant.

ROCKER, J. Defendant was issued a traffic citation or summons alleging her failure to yield the right of way in violation of Ordinance No. 912.02 of the village of Pepper Pike on Monday, September 28, 1970, at 4 p. m. on South Woodland Road, a thoroughfare in said village.

Defendant entered a plea of not guilty and at trial was represented by counsel.

At the end of trial, the court was about to enter its finding when discovery was made by the court that the affidavit before the court had not been verified.

Prosecuting counsel for the village of Pepper Pike contends that such affidavit may be amended after trial and that such verification may now be made and disposition of the case proceed.

Plaintiff cites R. C. 2941.30 which reads:

"The court may at any time before, during, or after a trial amend the indictment, information, or bill of particulars, in respect to a defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *."

Also cited by plaintiff's counsel is R. C. 2941.35 which reads:

"Prosecutions for misdemeanors may be instituted by a prosecuting attorney by affidavit or such other method as is provided by law in such courts as have original jurisdiction in misdemeanors. Laws as to form, sufficiency, amendments, objections, and exceptions to indictments and as to service thereof apply to such affidavits and warrants issued thereon."

Plaintiff's counsel also brings to the court's attention the case of *State* v. *Chrisman*, 9 Ohio St. 2d 27, wherein the Supreme Court of Ohio held: "* * * the defendant by his counsel specifically consented to the method of amendment and continued his plea of not guilty and proceeded with trial, thus waiving any objection to the want of verification. * * *"

As to the latter citation, this court finds it inapplicable to the instant case since defendant nor her counsel, and,

indeed, the prosecution, were aware of the defect and therefore no waiver may be considered.

The only question which remains is as to whether at this time the verification can be furnished against objection of defendant.

In the case of *State* v. *Zdovc*, 106 Ohio App. 481, the court held: ''All proceedings subsequent to the filing of an arrest affidavit which was not sworn to by the arresting officer are void *ab initio* and of no legal effect whatever, and the person accused in such arrest affidavit is not lawfully within the court's power until such time as a subsequent proper and valid affidavit charging a violation of law is filed.''

The court further notes the action of the Legislature in 1960 wherein by R. C. 2935.17 and 2937.46, authority was granted the Supreme court to promulgate uniform rules to aid in the prompt and efficient disposition of cases arising under the state's traffic laws and related ordinances.

The Supreme Court of Ohio promulgated such rules in pursuance of said legislation on December 4, 1967, making them effective as of January 1, 1969. Incorporated within those rules is a ''Uniform Traffic Ticket'' which provides for an affidavit including verification clause.

It is the opinion of this court that, unlike legislative acts which often require interpretation by the courts to determine the Legislature's intent, in this instance the requirement of a properly executed affidavit is clearly required by the Supreme Court and it finds nowhere in the December 4, 1967, promulgation any escape clause from such requirement.

This prosecution is, therefore, dismissed and the defendant discharged.

*Cause dismissed.*