COMMONWEALTH *vs.* LARRY D. RICHARDSON. November 1, 1978. The defendant appeals, pursuant to G. L. c. 278, §§ 33A-33G, from his conviction of robbery after a jury trial in the Superior Court. The only assignment of error argued on appeal (see Rule 1 : 13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801) is the denial of the defendant's motions for a directed verdict, made at the close of the Commonwealth's case and at the close of all the evidence. The sole argument is that the circumstantial evidence presented by the Commonwealth was insufficient to warrant a finding that the defendent was a participant in the alleged purse-snatching incident. *Commonwealth* v. *Sandler*, 368 Mass. 729, 740 (1975). *Commonwealth* v. *Mangula*, 2 Mass. App. Ct. 785, 786 (1975). We view the evidence in its light most favorable to the Commonwealth. See *Commonwealth* v. *Kelley*, 370 Mass. 147, 149-150 & n.1 (1976). The robbery victim, an elderly lady, was knocked to the ground without seeing her assailants and sustained injuries. There were no eyewitnesses. Finding that her handbag was missing, she began to scream. Two witnesses heard the screams and saw two youths running down the street near the scene of the robbery. One witness pursued the youths, at first by car, and then on foot. Before discontinuing the chase, he had an opportunity to observe the height, build, and clothing of the youths; he testified that one was wearing a blue Boston Neighborhood Basketball League (BNBL) shirt which was torn in the back. Later, at the scene of the robbery, the witness identified the defendant by his clothing. A second witness, several seconds after hearing the victim's screams, saw two youths running past him. One was wearing a torn, blue BNBL shirt; the other was carrying something under his arm. The defendant was apprehended by the police a short time after the robbery, alone, at a location farther along in the direction of the route taken by the fleeing youths. A police officer testified that the defendant was "sweating profusely," was out of breath, and was wearing a torn blue shirt "with, I think . . . BNBL on it." The second witness later identified the defendant as the youth wearing the torn BNBL shirt who had run past him. Prior to trial this witness encountered the defendant, who threatened to harm him if he should go to court and testify in the matter. On this evidence the jury could draw reasonable inferences and could properly find that the defendant was one of two youths who, acting in concert, had committed the robbery. See *Commonwealth* v. *Doherty*, 137 Mass. 245 (1884); *Commonwealth* v. *Belton*, 352 Mass. 263, cert. denied, 389 U.S. 872 (1967); *Commonwealth* v. *Gallagher*, 4 Mass. App. Ct. 661 (1976).

*Judgment affirmed.*

The case was submitted on briefs.

*Dyanne Klein Polatin* for the defendant.

*John Donovan*, Assistant District Attorney, for the Commonwealth.