COMMONWEALTH *vs.* JOSEPH A. LEPORE
(and a companion case[1]).

Suffolk.   April 5, 1965. — April 29, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Search and Seizure.   Evidence,* Illegally seized material, Admissions and confessions.   *Constitutional Law,* Assistance of counsel.   *Practice, Criminal,* Assistance of counsel.

An application for a search warrant for stolen goods at a certain apartment in an apartment building sufficiently disclosed the underlying facts showing probable cause to justify issuing the warrant where the application stated in effect that one of three men involved in stealing the

———

[1] The companion case is Commonwealth *vs.* Paul Tai.

Commonwealth *v.* Lepore.

goods had been apprehended and had informed the police that the goods were located in such apartment building.   [122–123]

Sundry articles set forth as stolen property in a certain application for a search warrant were described with sufficient particularity.   [123]

Certain questions concerning stolen property asked by police of persons present in an apartment after the police had searched it for the property under a search warrant, and certain further questions about the property asked by the police of such persons after they had been arrested for larceny of the property, were mere threshold inquiries of an investigatory rather than an accusatory nature, and statements made by such persons to the police in reply to the questions were not rendered inadmissible at their trial by *Escobedo* v. *Illinois,* 378 U. S. 478.   [124–125]

INDICTMENTS found and returned on June 23, 1964.

The cases were heard in the Superior Court by *Goldberg, J.,* without jury.

*Ronald J. Chisholm (Edgar A. Rimbold* with him) for the defendants.

*Newman A. Flanagan,* Assistant District Attorney (*Robert Snider,* Legal Assistant to the District Attorney, with him), for the Commonwealth.

WHITTEMORE, J.   Each defendant has appealed under G. L. c. 278, §§ 33A–33G, as amended, from sentences imposed in the Superior Court after findings of guilty under six indictments, three charging breaking and entering and larceny and three charging larceny in a building.

1.   The defendants contend that there was error in the denial of their motions to suppress evidence.   The motions were addressed to items of personal property seized under a search warrant.   We discern no error.

(a) Adequate basis for the issuance of a warrant was shown to the judge.   The application, set out in the margin,[2] disclosed that "another defendant" had given infor-

---

[2] "To the Justices of the Municipal Court of the City of Boston, holden at said City of Boston, for the transaction of criminal business, within the County of Suffolk.   Elmer V. H. Brooks of the City of Boston, in the County of Suffolk, on oath, informs the said Justices that he suspects and has probable cause to suspect, and on oath complains that the following personal property, to wit: certain cigarettes, a more particular description of the kind and value being unknown to the complainant; certain lawful monies of an amount unknown to the complainant; certain five cent United States Postage stamps of a value unknown to the complainant; approximately fifty rings, all of the value of approximately $1,000; two pen and pencil sets, each of the value of $5.00; one blue suitcase of the value of $22.00; five white chef's uniforms all

mation, and had pointed out the house named in the warrant and "that two other men were involved in the theft."

An officer testified that it was as a result of being presented with this application that the judge issued the warrant. By this application the judge was in effect told that larceny by three men had occurred; and that one of the three men had been apprehended[3] and had given the police information as to the location of the stolen goods, that is, the apartment building named. We may assume the officer stated as much when he presented the application to the judge. Apart from such assumption, however, the recital of information obtained from "another defendant" was adequate to show probable cause within the principles stated in *United States* v. *Ventresca,* 380 U. S. 102. Incriminating admissions by one who asserts participation tend to show the reliability of his statements.

(b) The warrant described the property with sufficient particularity. It speaks for itself on this point. Compare *Commonwealth* v. *Jacobs,* 346 Mass. 300, 307–308.

---

of the value of $40.00; twelve chef's hats, all of the value of $21.00; certain cooking utensils, a more particular description and value being unknown to the complainant; two wrist watches, a more particular description amd value being unknown to the complainant; one radio of the value of $45.00; one commemorative stamp box of the value of $10.00; one tin box containing $6.35 in United States monies, 58 finger rings, all of the value of $1,000; three sweetwater pearls on wax impression, of the value of $100; all of a value unknown to the complainant, the properties of T. D. Whitney, Inc., a corporation legally established, Ethel Stone, Kenneth R. Park, Harry Rowlans, and Frederick Langmaid, within one day last past by some person or persons unknown to the said complainant, have been feloniously taken, stolen, and carried away, out of the possession of the said T. D. Whitney, Inc., a corporation legally established, Ethel Stone, Kenneth R. Park, Harry Rowlans, and Frederick Langmaid, at Boston aforesaid, and that he believes that said properties, or a part thereof, is concealed in the building situated and numbered 71 Chandler Street, the third floor, apartment #7, in said Boston, within the judicial district of said court, and prays for a warrant to search there for the said properties, and that such suspicion is founded upon certain facts and circumstances, to wit, that information received from another defendant who pointed out the house at 71 Chandler Street, that two other men were involved in the theft of this stolen property. Wherefore your informant prays for the issuance of a warrant under the provisions of Section 1, of Chapter 276 of the General Laws of said Commonwealth to search said premises in accordance with the aforesaid provisions of said section. Signed: Elmer V. H. Brooks."

[3] The police, as appeared in the testimony at the trial, had apprehended one man at the scene of the break coming down a fire escape minutes after the A. D. T. alarm had brought them to the building situated on Temple Place and West Street in Boston where the principal break occurred.

2.   There was no error in the admission of statements of the defendants to a police officer.

At the apartment, the searching officers were admitted by the defendant Tai, to whom Officer Brooks exhibited the warrant. After the search Tai was asked what he knew about the items discovered, that is, jewelry, radio, cigarettes and "change" (coins). Tai said he had "bought them downtown from a guy he didn't know for twenty-five or thirty dollars." Q. "All the jewelry and cigarettes and so forth?" A. "Yes." The officer asked if Tai was the only occupant of the apartment and Tai answered, "No," and that Joseph Lepore occupied it with him.

Three or four minutes later Lepore walked in. One of the officers explained the presence of the police, showed him the warrant, and asked him if he was an occupant. Lepore answered that he was, and that he and Tai had been living there for about four days. The officer told him what they had found and asked "what he knew about it." Lepore answered that Tai had "bought them from a guy downtown Boston." Asked if he knew what Tai paid, Lepore answered that he did not.

The officers completed the search and told the defendants they were under arrest.

Plainly these inquiries were threshold in character and were investigatory rather than accusatory. The questions gave Tai and Lepore the opportunity to explain the compromising circumstances and helped the officers to appraise whether the two men were probably concerned. The police investigation had not then focused on these defendants for purposes of the holding in *Escobedo* v. *Illinois,* 378 U. S. 478, 492.

The day after the arrest the officer asked Tai about a blue suitcase found in the apartment. Tai answered that a man had brought it up and asked Tai to hold it. The officer asked Tai about some rings reported as stolen that had not been found at the apartment the day before, and Tai answered that a girl friend of his had some of them. Tai said, as to the suitcase, "that the man . . . brought it up"

on June 7, 1964, and asked him to hold it for him and that it contained these rings, cigarettes and jewelry. The officer asked the name of the man, and Tai said he did not know it. Asked for a description, Tai gave it. The officer said, "That fits your description. Did this man look like you?" Tai answered that he did not.

The officer on the same day asked Lepore if he knew anything about a man bringing a suitcase to the apartment. When Lepore said that he did, the officer asked, "What was in the suitcase?" The answer was, "Cigarettes, jewelry," and the other items seized. When asked if he knew the man, Lepore answered, "No, he is a friend of Mr. Tai's." Lepore gave the same description of the man that Tai had given and said that he did not know anything more about him.

These questions also were definitely of an investigatory nature and not accusatory. The answers of course tended to suggest that the defendants did not have a good explanation, other than theft, for the presence of the stolen goods in their apartment, and to confirm that they were prime suspects. These preliminary inquiries, however, do not suggest that the police were "carry[ing] out a process of interrogations that lends itself to eliciting incriminating statements" or that they had a "purpose" to "elicit a confession" within the rule of the *Escobedo* case. 378 U. S. 478, 491, 492. The rule of that case would, therefore, be inapplicable, even if there were present other circumstances required for its application which we do not suggest. See *Commonwealth* v. *Tracy, ante,* 87, 98–99.

3. All the assignments of error are disposed of by the foregoing rulings. The entry on each appeal must be

*Judgments affirmed.*