## COMMONWEALTH *vs.* JOHN J. R. YOUNG.

Suffolk.    April 5, 1965. — May 3, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Evidence,* Admissions and confessions, Competency.  *Arrest.  Constitu-
tional Law,* Assistance of counsel.  *Practice, Criminal,* Assistance of
counsel.

Certain information given to the police by an informer as to the names
of the participants in a bank robbery, occurrences during the robbery,
and disposition thereafter of some of the money stolen was sufficient to
show probable cause for arresting one as a participant, and a confes-
sion made by him after the arrest was not inadmissible at his trial on
the ground that the arrest was illegal for want of probable cause.
[177–178]

Although evidence showing probable cause for arrest of the defendant in
a criminal case was not produced at the hearing of a motion to sup-
press a confession made after the arrest on the ground that the arrest
was illegal, any error in denial of the motion was harmless where suf-
ficient evidence of probable cause was introduced at the trial in a voir
dire before the confession was admitted.    [178]

After admission in evidence at a criminal trial of a confession made after
the defendant had been arrested, he had no right to reopen the issue of
probable cause for the arrest which had been disposed of at the voir dire
preliminary to admitting the confession.    [178–179]

Commonwealth v. Young.

A confession made by the defendant in a criminal case at the instance of his wife rather than any police interrogation designed to elicit incriminating statements was not inadmissible under *Escobedo* v. *Illinois*, 378 U. S. 478. [179]

INDICTMENT found and returned on June 5, 1963.

The case was tried before *Beaudreau*, J.

*Edgar A. Rimbold* (*Ronald J. Chisholm* with him) for the defendant.

*John T. Gaffney*, Assistant District Attorney, for the Commonwealth.

WHITTEMORE, J. The defendant's appeal under G. L. c. 278, §§ 33A–33G, is from sentences imposed in the Superior Court on December 10, 1963, following verdicts of guilty on two counts in an indictment for armed robbery.

The assignments of error, so far as argued, relate to a confession made by the defendant to the police before his formal arrest, and to the exclusion of questions as to information had by the police from an informer. The questions were asked in the course of the trial after the admission of the confession. The defendant contends only that the confession was the result of, and was made during, an illegal detention and that he was deprived of an opportunity to develop the relevant facts.

The robbery occurred on Thursday, May 23, 1963, at the Boston Penny Savings Bank in the South End of Boston. Four men participated in the holdup; three of them entered the bank. The defendant was arrested on May 28, 1963, on a complaint from the Municipal Court of the Roxbury District sworn out by his wife for threats made to her. He was taken to the Roxbury court at about 10:30 A.M. on May 29 where, at his wife's request, the complaint was dismissed. The defendant was then taken to police headquarters and while there he was questioned about the robbery. He denied any connection with the crime until after a conversation with his wife, following which he made the confession introduced at his trial.

At some time on the morning of May 29 the defendant was placed in the lineup at police headquarters with a num-

ber of other persons and was there identified by two women tellers who had been held up by the robbers at the bank. Prior to these identifications in the lineup the police had knowledge of the defendant's connection with the crime from an informer.

The defendant raised the issue of illegal arrest (1) on a motion to suppress, (2) by objection when the confession was offered, and (3) on a motion to strike at the close of the testimony.

1.   The defendant was under arrest for the robbery when he was detained for extensive questioning. *Henry* v. *United States,* 361 U. S. 98, 103.   See *Commonwealth* v. *Lehan,* 347 Mass. 197, 202–204, 207.   Unless the police then had probable cause, the arrest was illegal and the statements that were obtained were unavailable as evidence. *Wong Sun* v. *United States,* 371 U. S. 471, 484–486. *Beck* v. *Ohio,* 379 U. S. 89.   We rule that the police had probable cause for the arrest.

The information that, in our view, constituted probable cause was disclosed to the court in the testimony of Officer Miller at the voir dire held at the trial prior to the receipt in evidence of the confession.   In the course of testifying to what he had said to the defendant prior to the formal confession, and the latter's comments, the officer testified to having told the defendant "what he did in the bank and everything about it," approximately how much money the defendant got, that he was one of the men behind the counter, that the police knew who the other men were, the name of the other man behind the counter with the defendant, and that that other man had said to the defendant, "Not that drawer; I told you the other one."   Officer Miller testified that the defendant had replied to this: "How did you know"; also that he asked the defendant, in effect, if the reason that he got only $2,200, as the defendant claimed, was that some of the money "was burned at Dearborn Street" and the defendant replied, "Well, there was money burned there; we thought it was marked."   The officer further testified that when the defendant was asked

whether, if the other men were named, the defendant would say that the names were correct, the defendant had said he would rather not do that.

True, at the voir dire there had been no express inquiry as to what the police had heard and from whom. There should of course have been such inquiry. *Beck* v. *Ohio*, 379 U. S. 89, 96. Probable cause, however, affirmatively appeared from such evidence as was adduced.

It was shown that the police had much more than some undisclosed information. Compare *Beck* v. *Ohio*, 379 U. S. 89, 93–97. The police, it appeared, had been given the names of the participants, the positions taken in the bank by at least two of them, the words of an order given by one of them, and an account of the burning of some of the money and where the burning occurred. The identity of the informer had not yet appeared, but the information was sufficiently circumstantial and detailed to warrant, and indeed to require, that the police act on it. *Commonwealth* v. *Lehan*, 347 Mass. 197, 206. See *United States* v. *Ventresca*, 380 U. S. 102, for a statement of the principles governing probable cause for the issuance of search warrants. There was no error in the admission of the confession.

It is unnecessary to determine whether the identifications in the lineup occurred prior to the arrest for the robbery or, if not, whether the identifications were so dependent upon the arrest as to bar their use in determining whether there was probable cause.

None of the testimony of probable cause was elicited at the hearing on the motion to suppress. The showing that the police had held the defendant on suspicion was of course inadequate. But any error in respect of the motion was not prejudicial, for probable cause appeared before the confession was admitted in evidence. With the confession properly in the case there was no error in denying the motion to direct verdicts.

2. Later in the trial, after the confession had been admitted, the defendant sought to elicit from Officer Miller certain other facts. The testimony had already shown that

the police had known that one of the robbers was a Negro, that the police information, at least in part, had come from a participant in two other robberies, that the police had his name and had disclosed it to the defendant on May 28, and that the police had the names of the three other alleged participants in the May 23 robbery and had told them to the defendant.

The questions, excluded, included these: "What information [did you have]?" "Where did . . . [it] come from?" "Did . . . [the informant] implicate anybody else in this particular robbery?" "Was the defendant the only one named?" "[W]as he also a participant in this robbery?" "Where is . . . [he] now?" "Is he going to testify?" "[D]id he tell you he knew of his own knowledge or someone had told him that this defendant participated?"

The exclusion was on the ground that the replies would be hearsay. That, of course, is not a valid ground when the issue of probable cause is before the court. *Commonwealth* v. *Lehan,* 347 Mass. 197, 206. The exclusion of the inquiry, however, at that stage of the trial was right. The issue of probable cause had been disposed of at the voir dire and the defendant had no right to reopen it. See *Commonwealth* v. *LaBossiere,* 347 Mass. 384, 387.

3. The defendant has not argued that the circumstances of the confession violated such rights, if any, as he had to remain silent or to the assistance of counsel. At the argument he disclaimed, by counsel, reliance on *Escobedo* v. *Illinois,* 378 U. S. 478. The case is inapplicable. The statement was not obtained by a process of police interrogation that "lends itself to eliciting incriminating statements." *Id.* p. 491. It was the result of the entreaty to tell the truth made by the defendant's wife and her assurance that she would wait for him.

*Judgments affirmed.*