COMMONWEALTH *vs.* EDWARD OWENS & another[1]
(and three companion cases).

Suffolk.     April 4, 1966. — April 28, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Search and Seizure.   Evidence,* Illegally obtained evidence, Presumptions
and burden of proof.

Search warrants were properly issued in 1963 on the basis of sworn state-
ments by the applicant that he "believe[d]" certain described property
involved in a felony to be concealed at a designated place, together with
certain information as to an armed robbery derived by the applicant
from an asserted participant in the robbery and furnished by the appli-
cant to the issuing official.   [635–636]
A defendant in a criminal case seeking to suppress evidence as illegally
obtained has the burden of proving the illegality.   [636]
Firearms and ammunition and cloth bank bags to hold currency, and an
asserted place of their concealment, were described with sufficient par-
ticularity in certain search warrants.   [636]

INDICTMENTS found and returned in the Superior Court
on September 5, 1963, and October 9, 1964.

Motions to suppress evidence were heard by *Lurie,* J.
The cases were tried before *Goldberg,* J.

*Chester C. Paris* for the defendants.

*Garrett H. Byrne,* District Attorney, *& John F. Mulhern,*
Assistant District Attorney, for the Commonwealth, sub-
mitted a brief.

WILKINS, C.J.   Of these four indictments, two against
both defendants charge respectively assault by means of a
dangerous weapon, and robbery, being armed and masked.
A third charges both defendants and Gerald F. Mackin with
conspiracy to rob and steal.   A fourth charges the defend-
ant Gerald Owens with unlawfully carrying on his person a
revolver.   The trial, which was subject to G. L. c. 278,
§§ 33A–33G, resulted in convictions.   The cases are here

[1] Gerald Owens.

on the defendants' appeals, accompanied by assignments of error, summaries of the records, and a transcript of the evidence. Both defendants assign error in the denial of their motions to suppress evidence. The defendant Gerald Owens assigns error in the denial of his motions for directed verdicts.

1. There were two search warrants both dated March 25, 1963. The applications under that date were by one Connolly, a Boston police officer. In one he "on oath informs the said Justices [of the Municipal Court of the South Boston District] that he believes that rifles, shotgun, pistol, revolver, implement or dangerous weapon used in the commission of a felony are concealed in the cellar, stories, outer buildings and barns of a certain building there situated and numbered One Thomas Park in . . . said City of Boston."

The police officer's return also dated March 25, 1963, reported the entry and search of the described premises and the finding of "1 32 cal. nickle-plated revolver, serial #87216 and one 32 cal. Paramount pistol, ser 27412, one clip eight rounds of 32 cal. ammunition, 1 soft hat (Grey) 1 scally cap (grey) 1 lt. brn, top coat and two jackets" and the arrest of "Edward Owens the person in whose possession the same were found."

In the other search warrant the police officer "on oath informs the said Court, That the following personal property, to wit: United States Currency, cloth bank bags of the property of Boston Consolidated Gas have within one days last past, by some person or persons unknown to the said complainant been feloniously taken, stolen and carried away out of the possession of the said Boston Consolidated Gas at Boston aforesaid; and that he believes that said property, or a part thereof, is concealed in each and every story and outer building and barns, of property located at number one (1) in Thomas Park, South Boston . . . ."

The police officer's return reported, "I have made diligent search in the within named premises, and found 1 deposit bag, marked Shawmut bank — B–13, containing Approx. $3200.00 and arrested Edward Owens the person in whose possession said                    found."

2. The defendants' first argument against the issuing of the search warrant is that an affidavit or application based only upon the "belief" of the affiant is insufficient. The present warrants were issued on March 25, 1963, which was before June 23, 1964, the effective date of St. 1964, c. 557, amending G. L. c. 276, and inserting new §§ 2A, 2B, and 2C. In *Commonwealth* v. *Dias,* 349 Mass. 583, relied upon by the defendants, the search warrant was issued after that effective date. The amendment requires that a person seeking a search warrant shall give an affidavit which "shall contain the facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant." *Commonwealth* v. *Mitchell,* ante, 459. See *Commonwealth* v. *Rossetti,* 349 Mass. 626, 632. Before the amendment under G. L. c. 276, § 1,[1] it has been sufficient in this Commonwealth if the official issuing the warrant had before him "basic facts sufficient to permit him to determine for himself whether probable cause existed." *Commonwealth* v. *Rossetti,* 349 Mass. 626, 632. See *Commonwealth* v. *Lepore,* 349 Mass. 121, 123; *Aguilar* v. *Texas,* 378 U. S. 108, 109n.

There was sufficient information before the clerk to enable the determination of probable cause. At the hearing on the motion to suppress, Connolly testified that he had received information relative to the holdup that took place that morning at the gas company, and that the guns and money were, at 1 Thomas Park; that he received information from Gerald Mackin that the Owens brothers, who lived there, were the persons who participated in the holdup with him; that he told the clerk that Mackin was a participant in the holdup; that a robbery had in fact taken place; and that a canvas bag with money had been taken. It is not a valid objection that Mackin was involved. Incriminating admissions by one who asserts participation tend to

---

[1] "A court . . . may, upon complaint on oath that the complainant believes that any of the property or articles hereinafter named are concealed in a particular house or place, if satisfied that there is reasonable cause for such belief, issue a warrant . . .."

show the reliability of his statements. *Commonwealth* v. *Lepore*, 349 Mass. 121, 123. *United States* v. *Ventresca*, 380 U. S. 102. The burden of showing unreliability was on the defendants. *Commonwealth* v. *Fancy*, 349 Mass. 196, 202. Hearsay may be the basis for a warrant. *Jones* v. *United States*, 362 U. S. 257, 269–271. *Rugendorf* v. *United States*, 376 U. S. 528, 533.

3. Another contention is that the search warrants leave to the discretion of the police officers what is to be seized. We do not agree. The items are described with sufficient particularity. See *Commonwealth* v. *Lepore, supra*, 122–123. Cloth bank bags to hold currency are not so common an item in private houses as to require more specific directions. A pistol, revolver, and ammunition in the house of a holdup suspect are reasonably definite enough in the circumstances.

4. Neither do we accept the contention that the search warrants do not particularly describe the place to be searched. This argument is based upon the assertion that the record shows that 1 Thomas Park is a multiple family dwelling. If material, this is not a necessary inference from the record. The judge below and we are not obliged to draw it.

5. The defendant Gerald Owens's motions for directed verdicts were rightly denied. There was sufficient evidence relating to the discovery of the guns, bank bags, and currency, and the circumstances attending Gerald Owens's later presence in Chicago to warrant submission of the cases to the jury.

*Judgments affirmed.*