Edward F. OWENS, Petitioner,

v.

Palmer C. SCAFATI, Superintendent, Massachusetts Correctional Institution, Walpole, Respondent.

Civ. Misc. No. 67–39.

United States District Court
D. Massachusetts.

Sept. 13, 1967.

Chester C. Paris, Boston, Mass., for petitioner.

Elliot L. Richardson, Atty. Gen. Commonwealth of Mass., Brian E. Concan-

non, Spec. Asst. Atty. Gen., for respondent.

## OPINION

CAFFREY, District Judge.

This is a petition for a writ of habeas corpus brought by Edward F. Owens, presently an inmate of the Massachusetts Correctional Institution at Walpole, against Palmer C. Scafati, Superintendent of the Institution.

The petition recites that Owens was found guilty after a jury trial in Suffolk Superior Court and that concurrent sentences were imposed on March 12, 1965 for the crimes of armed robbery and assault with a dangerous weapon. The Supreme Judicial Court of Massachusetts affirmed the convictions in an opinion handed down on April 28, 1966, Commonwealth v. Owens, 350 Mass. 633, 216 N.E.2d 411. On October 26, 1966 a single justice of the Supreme Judicial Court dismissed a petition for a writ of error. The petition alleges that the convictions resulted from the admission in evidence of certain property illegally seized from petitioner since the search warrants on the basis of which the seizure was made were issued without probable cause. The petition further alleges that the warrants did not particularly describe the articles to be searched for and did not particularly describe the place to be searched. The seized articles consisted of a .32 cal. nickel-plated revolver, a .32 cal. pistol, 8 rounds of .32 cal. ammunition, a clip, a deposit bag marked "Shawmut Bank B–13," and approximately $3,200 in currency. The petition alleges that available State court remedies have been exhausted.

The matter came before the Court on the basis of the respondent's motion to dismiss. At the hearing on this motion counsel filed four volumes of transcript consisting of the entire Superior Court record of the actual trial and also the record of a pre-trial hearing on defendant's motions to suppress, which motions were denied.

■ There is no merit to the contention that the warrants were issued without probable cause. Prior to obtaining the warrants the police officers had been informed by one Gerald Mackin that two of the Owens brothers had taken part with him in the holdup of the Gas Company that morning and that they lived at 1 Thomas Park where Mackin had let them off from a stolen car that he was operating. The transcript also indicates that the police officer who applied for the search warrants had received information from Mackin that he had given guns that morning to the Owens brothers and that the guns and the money in question were at 1 Thomas Park. Mackin had further informed the police that he and the Owens brothers made plans for this robbery the previous day. This admission from a participant in the crime amounted to probable cause for seeking and obtaining a search warrant to make a search at 1 Thomas Park.

■ With regard to the contention that the search warrant failed to describe the premises with particularity, (while counsel may have waived this contention by his statement at the hearing on the motion, "The one issue is the fact that there was no probable cause," assuming the issue is still open), there was no showing at any stage of the State court proceedings, and there has been no showing to date, that 1 Thomas Park appeared to be a multiple unit dwelling. The State court record indicates, to the contrary, that there was only one door from the outside, which opened into a hallway which gave access to the entire house. There has been no showing that the police officers knew or should have known from its physical appearance that 1 Thomas Park was a multiple dwelling house when they applied for the warrants, there has been no showing that the officers knew or should have known that anyone other than the Owens brothers lived therein, and there has been a showing that the officers did know that the Owens lived at 1 Thomas Park. I rule that the officers had probable cause for applying for the search warrants in

the form in which they in fact did make the application. United States v. Poppitt, 227 F.Supp. 73 (D.Del.1964).

The respondent's motion to dismiss is allowed.