COMMONWEALTH *vs.* PAUL T. SEPECK. June 3, 1971. The defendant was convicted under two indictments. One charged him with setting up and promoting a lottery; the other with having been found in a certain place, to wit, General Dynamics Corporation, with apparatus for registering bets on horse races. Prior to the trial the defendant presented a motion to suppress certain evidence obtained under a search warrant. To the denial of this motion and a similar motion presented at the conclusion of the Commonwealth's case, the defendant excepted. The sole question for decision is whether the affidavit on which the search warrant was based was sufficient to justify the issuance of the warrant. The officer seeking the search warrant stated in his affidavit that "on February 21, February 23, and February 24, 1967, I observed a man enter the area known as The Door Shop at General Dynamics Shipyard, Quincy, at about 11:00 A.M. and 11:05 A.M. This man would go to workers and take bets on both horses and numbers from those workers and accept money from them. He would write these bets on a small notebook he carried on his person and he would put the money given to him by these men into his pocket." While the words "take bets" and "write these bets" contained in the affidavit have a somewhat conclusory flavor, the affidavit, read as a whole, was, we think, sufficient. It contained information sufficient to justify a reasonable belief on the part of the magistrate issuing the warrant that the person observed by the officer was probably engaged in registering bets and promoting a lottery. *Commonwealth* v. *Moran,* 353 Mass. 166. *Commonwealth* v. *Daly,* 358 Mass. 818. Affidavits for search warrants "must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." *United States* v. *Ventresca,* 380 U. S. 102, 108.

*Exceptions overruled.*

*Matthew T. Connolly* for the defendant.

*John P. Connor, Jr.,* Special Assistant Attorney General, for the Commonwealth.