COMMONWEALTH *vs.* LEWIS WEISS.

Suffolk.    April 6, 1976. — June 9, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Search and Seizure.    Probable Cause.*

Where an airport attendant notified a police officer after finding a large quantity of pills in a paper bag in a locker at the airport, there was probable cause to arrest a man who opened the locker two hours later and removed the bag. [418-419]

The fact that a police officer's search of an airport locker subsequent to receiving information from an airport attendant that the locker contained a large quantity of pills in a brown paper bag may have been illegal did not invalidate the subsequent arrest and search incident thereto of the renter of the locker where the officer had probable cause to arrest him prior to the search. [419-421]

INDICTMENT found and returned in the Superior Court on March 12, 1975.

A motion to suppress was denied by *McLaughlin*, C.J. The defendant's application for an interlocutory appeal

was allowed by *Wilkins,* J., and the appeal was reported by him.

*Ira D. Feinberg* for the defendant.

*Carmen A. Frattaroli,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.  A locker attendant at the General Edward Lawrence Logan International Airport (Logan Airport) found a large quantity of pills in a locker and told a police officer what he had discovered. The police officer looked in the locker and told the attendant to lock it. About two hours later the defendant took the pills from the locker and the officer arrested him. We hold that the arrest was made on probable cause and was not the fruit of an unconstitutional search, and that the pills were lawfully seized after a search incident to the arrest. We therefore affirm the denial of the defendant's motion to suppress evidence.

The defendant was indicted for possession of cocaine and marihuana and for possession of amphetamines with intent to distribute. He moved to suppress evidence and for the return of property illegally seized. After hearing, the motion was denied, and the defendant's application for an interlocutory appeal pursuant to G. L. c. 278, § 28E, was granted by a single justice of this court, who reported the appeal to the full court.

We summarize the judge's findings. The attendant is employed by the American Locker Company to make random checks of 500 lockers at Logan Airport. On the deposit of twenty-five cents, these lockers may be used by a customer exclusively for twenty-four hours, but they contain no timing device. When the attendant has found drugs or firearms, he has reported the fact to the police. About 3:15 P.M. on November 11, 1974, he found a cellophane bag, containing a large quantity of pills, inside a brown paper bag in one of the lockers. He closed the locker door without securing it and informed a police officer what he had discovered. The officer went with him to the locker, the attendant opened the locker, and the officer observed the pills.

The officer told the attendant to lock the locker. About 5:30 P.M. the defendant opened the locker and took out the paper bag. The officer arrested him, searched him, and found cocaine and marihuana on his person. Later, after Miranda warnings had been given, the defendant indicated that he understood them and made a statement.

The judge ruled that the defendant had a constitutionally protected reasonable expectation of privacy in the locker. The initial search by the attendant, he ruled, was a private search; the second search by the officer and the attendant was illegal because there were no exigent circumstances to justify a warrantless search. But the officer had probable cause to arrest the defendant, apart from the illegal second search, and the probable cause was not fatally infected by the illegal search. The search of the defendant's person was incident to a valid arrest, and he subsequently waived his rights knowingly and intelligently and made a statement freely and voluntarily.

1. *Probable cause for arrest.* The defendant argues that there was no evidence to support the judge's finding that the attendant told the officer what he had discovered. Evidence as to what was said by the attendant to the officer was excluded on the defendant's objection. The exclusion was erroneous, since information given to the officer bore directly on probable cause and for this purpose was not hearsay. See *Commonwealth* v. *Young,* 349 Mass. 175, 179 (1965); K.B. Hughes, Evidence § 453 (1961). But the defendant is in no position to complain, and in the absence of direct testimony as to the conversation we think the judge properly could infer that when the attendant found the pills and called the officer he explained why he had called him.

Thus, as the judge pointed out, the officer knew the attendant, knew that he was the custodian of the lockers, and received information that was "verifiable at the scene." *Adams* v. *Williams,* 407 U.S. 143, 146 (1972). His "own knowledge and assessment of the reliability of his source of information is not without significance." *United States* v. *Roman,* 451 F.2d 579, 581 (4th Cir. 1971), cert. denied,

405 U.S. 963 (1972). A large quantity of pills in a cello-
phane bag inside a brown paper bag had been left in an
airport locker. There is no suggestion that either bag bore
a pharmaceutical label. This information reasonably per-
mitted a conclusion that the renter of the locker had prob-
ably committed a felony. *Commonwealth* v. *Snow*, 363
Mass. 778, 788 (1973). Thus there was probable cause
either for a search warrant or for the arrest of the renter.
*Commonwealth* v. *Stevens*, 362 Mass. 24, 26-28 (1972).

2. *Legality of police search of the locker.* It is common
ground that there was a justified expectation of privacy,
and that the authority of the attendant, if any, to search
on behalf of his employer did not give him power to author-
ize a police search. It is also conceded that the search by
the attendant did not bring the Fourth Amendment into
play. *Burdeau* v. *McDowell*, 256 U.S. 465, 475 (1921). We
think it is also clear that if the attendant had removed
the pills from the locker and delivered them to the officer
they would have been admissible in evidence. *United States*
v. *Capra*, 501 F.2d 267, 272-273 n.4 (2d Cir. 1974), cert.
denied, 420 U.S. 990 (1975) (drugs in railroad baggage).
*United States* v. *Blanton*, 479 F.2d 327, 328 (5th Cir.
1973) (pistol in airline baggage). *United States* v. *Hodges*,
448 F.2d 1309, 1312 (6th Cir. 1971) (drugs in mail). *Wolf
Low* v. *United States*, 391 F.2d 61, 63 (9th Cir.), cert. de-
nied, 393 U.S. 849 (1968) (watch movements in airline
baggage). *People* v. *McKinnon*, 7 Cal. 3d 899, 905-916
(1972), cert. denied, 411 U.S. 931 (1973) (drugs in air
freight), overruling *People* v. *McGrew*, 1 Cal. 3d 404
(1969). *Andreu* v. *State*, 124 Ga. App. 793, 797 (1971)
(drugs in airline baggage). *Commonwealth* v. *Kozak*, 233
Pa. Super. 348, 353-354 (1975) (drugs in airline baggage).
See *Coolidge* v. *New Hampshire*, 403 U.S. 443, 487 (1971).
Cases have been distinguished where the private search
was initiated by a government agent. *Corngold* v. *United
States*, 367 F.2d 1, 4 (9th Cir. 1966) (watch movements in
air freight). But cf. *United States* v. *Cangiano*, 464 F.2d
320, 324-325 (2d Cir. 1972), vacated on other grounds, 413
U.S. 913 (1973) (obscene film in air freight); *Gold* v.

*United States,* 378 F.2d 588, 590-591 (9th Cir. 1967) (same). Also distinguishable are cases where a subsequent police search goes beyond the scope of a prior private search. *Cash* v. *Williams,* 455 F.2d 1227, 1230 (6th Cir. 1972) (drugs in car).

In two cases, involving lockers similar to that involved here, police searches subsequent to private searches have been held illegal. *United States* v. *Durkin,* 335 F. Supp. 922, 926-927 (S.D.N.Y. 1971) (counterfeit money in bus locker). *United States* v. *Small,* 297 F. Supp. 582, 586 (D. Mass. 1969) (drugs in subway locker). But cf. *People* v. *Lanthier,* 5 Cal. 3d 751, 755-758 (1971) (drugs in university locker); *People* v. *Baker,* 12 Cal. App. 3d 826, 837-841 (1970) (gun and drugs in locker in bowling alley). In the *Durkin* and *Small* cases, as in the present case, it was found that there were no such exigent circumstances as to justify failure to seek a search warrant, and that the subsequent police search was therefore illegal. In the *Baker* case, however, the court said, "No real purpose is served by precluding police examination of what has already been discovered. A distinction between material seized by the private searcher, and material restored to concealment in a place over which he has dominion and control has no rational justification." *Id.* at 838. The searches in the *Lanthier* and *Baker* cases were upheld on the basis of exigent circumstances. 5 Cal. 3d at 756-758. 12 Cal. App. 3d at 839-841.

On the present facts, the Commonwealth contends that there were exigent circumstances despite the judge's contrary conclusion. The question is not without difficulty. Compare *Commonwealth* v. *Forde,* 367 Mass. 798, 800-803 (1975), with *Commonwealth* v. *Moran, ante,* 10, 12 (1976), and *People* v. *McKinnon, supra,* 7 Cal. 3d at 908-910. Since we uphold the judge's ruling on other grounds, however, we do not review this question. We assume, without deciding, that the warrantless police search was illegal.

3. *Irrelevance of police search to legality of arrest.* Since the officer had probable cause before he made the locker search in question, that search was not essential to the

validity of the arrest. It served to test probable cause and thus provided a safeguard against unnecessary harassment of an innocent renter of a locker. We do not think it was a "critical element" in establishing probable cause. *Commonwealth* v. *Hall*, 366 Mass. 790, 795-798 (1975). We therefore uphold the judge's ruling that the locker search, if tainted, did not invalidate the subsequent arrest or a search incident thereto. Cf. *People* v. *Baker, supra*, 12 Cal. App. 3d at 843-845. So far as *United States* v. *Small*, 297 F. Supp. 582, 586 (D. Mass. 1969), suggests a contrary result, we do not follow that decision.

The search of the defendant's person was incident to a valid arrest. See *United States* v. *Watson*, 423 U.S. 411, 416-417 (1976); *United States* v. *Robinson*, 414 U.S. 218, 224 (1973). His subsequent interrogation fully complied with the principles discussed in *Commonwealth* v. *Daniels*, 366 Mass. 601, 605-606 (1975). Cf. *United States* v. *Watson, supra* at 417.

*Order affirmed.*