Commonwealth *vs.* Matthew R. Norris.

Suffolk and Norfolk.   November 13, 1978. — December 26, 1978.

Present: Hale, C.J., Keville, & Grant, JJ.

*Probable Cause. Search and Seizure. Constitutional Law,* Probable
. cause, Search and seizure.

An affidavit in support of a search warrant which referred to an
   investigation into the whereabouts of certain stolen airline tickets
   and paraphernalia and from which it was clear that the property
   sought was the stolen tickets and paraphernalia was not insuffi-
   cient even though it lacked an express description of the property
   to be seized. [763–764]
Probable cause to issue a search warrant for stolen airline tickets was
   established by an affidavit relating that the named informant had
   been arrested for the sale of stolen airline tickets and that two days
   after his arrest he made a voluntary statement to the police in the
   presence of his attorney, giving the telephone number of the person
   known by the informant to have the stolen airline tickets. [764–767]
Evidence at a criminal trial was sufficient to establish that the police
   had probable cause to arrest the defendant, and that a weapon
   found on the defendant during a search incidental to the arrest was
   therefore properly seized. [768–769]

Indictment found and returned in the Superior Court
on November 10, 1975.

The case was heard by *Mazzone,* J.

Indictments found and returned in the Superior Court
on May 19, 1976.

The cases were heard by *Irwin,* J.

*Daniel E. Callahan & Thomas J. Ford* for the defend-
ant.

*Margaret A. Corrigan,* Assistant District Attorney
(*Charles J. Hely,* Assistant District Attorney, with her)
for the Commonwealth.

HALE, C.J. The defendant has appealed (G. L. c. 278, §§ 33A-33G) from (1) his conviction in the Superior Court in Suffolk County on an indictment in three counts charging that he did "buy, receive, and aid in the concealment of" certain stolen property (No. 95284); and (2) his convictions in the Superior Court in Norfolk County on a similar indictment in one count (No. 66012) and on another indictment charging him with unlawfully carrying a firearm (No. 66009). The cases have been consolidated for the purposes of appeal, and the issues raised by each are discussed separately below.

*Suffolk County Indictment No. 95284*

At a pretrial hearing on the defendant's motion to suppress evidence obtained from his apartment pursuant to a search warrant,[1] it was stipulated that the only issue for consideration was the sufficiency of the affidavit upon which the search warrant issued. The motion was denied. The defendant now argues that the affidavit was faulty for (1) failure to describe with particularity the things to be seized, as mandated by the Fourth Amendment to the Federal Constitution; (2) failure to describe the property for which the warrant was sought as required by G. L. c. 276, § 2B; and (3) failure to establish probable cause to search the defendant's apartment.

The essential portions of the affidavit are set forth in the margin.[2] We limit our inquiry to the face of the affida-

---

[1] Numerous items were seized from the defendant's apartment, including validating stamps, a routing manual, 111 American Airlines tickets, 232 Delta Airlines tickets and 248 Eastern Airlines tickets.

[2] Sergeant Edward Gillis of the Massachusetts State Police at Logan Airport stated in the affidavit the following: "As result of the arrest of Edward L. Dansker 21 Park Vale Ave Allston Mass. on 9-22-75, for the sale of stolen American Airlines tickets or coupons and paraphernalia. This officer conducted a further investigation to the whereabouts of approximately 1400 stolen tickets or coupons stolen from Gate 6 American Airlines on March 6, 1973.

"On Wednesday September 24, 1975, Edward L. Dansker and his attorney Roger Dowd 230 Boylston St. Boston came to the State Police

vit and examine it "with a commonsense, nontechnical, ungrudging, and positive attitude." *Commonwealth* v. *Martin, ante* 624, 626-627 (1978). A finding of probable cause, while demanding more than mere suspicion, requires a lesser showing than that which is necessary to justify a conviction. *Draper* v. *United States,* 358 U.S. 307, 311-312 (1959). *Commonwealth* v. *Snow,* 363 Mass. 778, 784 (1973). A certain leeway or leniency should be accorded the after-the-fact review of the sufficiency of an affidavit in order to encourage the police to use the warrant procedure, as they did here. *Commonwealth* v. *Corradino,* 368 Mass. 411, 416 (1975). *Rosencranz* v. *United States,* 356 F.2d 310, 313 (1st Cir. 1966). We are mindful that affidavits are often drafted in the midst and haste of a criminal investigation (*Commonwealth* v. *Sepeck,* 359 Mass. 757 [1971]), that preference should be accorded warrants in marginal cases (*Commonwealth* v. *Blye,* 5 Mass. App. Ct. 817 [1977], and cases cited), and that credit should be given for the fact that there were determinations made below of probable cause. *United States* v. *Ramirez,* 279 F.2d 712, 716 (2d Cir. 1960), cert. denied 364 U.S. 850 (1960).

We deal with each of the defendant's arguments seriatim. The first is based on the absence in the affidavit of a description of property following the affiant's representation that "there is probable cause to believe that the property *hereinafter described* has been stolen" (emphasis supplied). In the part of the printed affidavit form where such property should have been described there appears instead a description of the building in which the

Office at Logan Airport and gave a voluntary statement, relative to the whereabouts of the tickets stolen from American Airlines. Defendant Dansker gave the phone exchange of 232-2744 listed to the party whom he knows to possess the stolen tickets. A check revealed the number to be listed to Milton Stow aka Matthew Ray Norris 1514 Beacon Street Brookline Massachusetts. The above mentioned address is described as a four story cement and brick apartment building with basement apartments. The apartment to be searched is number S-58."

apartment to be searched was located. However, looking at the affidavit as a whole (*Commonwealth* v. *Blye,* 5 Mass. App. Ct. at 817), we have no difficulty in determining that the property to be seized was the earlier described "stolen American Airlines tickets or coupons and paraphernalia." The error was not made in bad faith, did not affect the integrity of the affidavit as a whole, and was inconsequential. See *Commonwealth* v. *Piso,* 5 Mass. App. Ct. 537, 543 (1977).

Nor do we have any difficulty in determining that the affidavit described the property for which the warrant was sought as required by G. L. c. 276, § 2B. The affidavit referred to an investigation into the whereabouts of approximately 1,400 stolen tickets and paraphernalia and contained the phone number of a person who was believed to possess the tickets. The magistrate apparently had no difficulty, nor do we, in determining that the property sought was the stolen tickets and paraphernalia. Compare *Commonwealth* v. *Snow,* 363 Mass. at 785-786.

The essence of the defendant's final argument is that the affidavit failed to meet the two-pronged test of *Aguilar* v. *Texas,* 378 U.S. 108, 114 (1964). Although probable cause to issue a search warrant may be established by the hearsay statements of an informant, *Jones* v. *United States,* 362 U.S. 257, 269-271 (1960), the affidavit must inform the magistrate of some of the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable and of some of the underlying circumstances from which the informant in this case concluded that the stolen tickets and paraphernalia were where he claimed them to be. *Commonwealth* v. *Stewart,* 358 Mass. 747, 750 (1971).

We disagree with the defendant's contention that the affidavit failed to demonstrate the informant's reliability. Although there was no indication in the affidavit that Dansker had provided the police with reliable information in the past (contrast *Commonwealth* v. *Snow,* 363 Mass. at 783; *Commonwealth* v. *Vynorius,* 369 Mass. 17,

19-20 n.4 [1975]), there was a sufficient recital of underlying circumstances to enable the magistrate to conclude that Dansker was a reliable informant. Dansker, referred to at one point in the affidavit as "Defendant Dansker," was a potential codefendant of the person whose property was to be searched. Information provided by such an individual may be relied upon to establish probable cause. *Commonwealth* v. *Lepore*, 349 Mass. 121, 123 (1965). *Commonwealth* v. *Von Utter*, 355 Mass. 597, 600 (1969). Incriminating admissions by one who asserts participation in a crime carry their own indicia of credibility. *Commonwealth* v. *Lepore*, 349 Mass. 121, 123 (1965). *United States* v. *Harris*, 403 U.S. 573, 583 (1971). Although an admission against penal interest is not conclusive on the issue of reliability, such an admission, together with other factors indicative of reliability, may be sufficient to support a finding of probable cause. *Commonwealth* v. *Stewart*, 358 Mass. at 752. *Commonwealth* v. *Fleurant*, 2 Mass. App. Ct. 250, 253 (1974). The affidavit before us contains such additional factors: Dansker is a named informant (*Commonwealth* v. *Fleurant, supra*) who did not provide information in exchange for money. *Commonwealth* v. *Martin, supra* at 628. *United States* v. *Wilson*, 479 F.2d 936, 940 (7th Cir. 1973).

The defendant argues that Dansker's admission in this case should be given short shrift since he had already been arrested at the time he gave his statement to the police and therefore had a strong motive to furnish information, however unreliable, in order to curry favor with the authorities. The fact that Dansker had already been arrested when he came forth with his statement does not prevent a magistrate from finding reliability. See *Commonwealth* v. *Vynorius*, 369 Mass. at 21. We note further that Dansker's admission was given voluntarily and in the presence of his attorney. Furthermore, it is likely that "one who knows the police can charge him with a serious crime will not lightly undertake to direct the police down blind alleys." See LaFave, Probable Cause From Inform-

ants: The Effects of Murphy's Law on Fourth Amendment Adjudication, 77 Ill. L. Forum, 1, 29 (1977). Dansker did not appear to have made "allegations of a character that would readily occur to a person prone to fabricate." *Commonwealth* v. *Montanague*, 5 Mass. App. Ct. 889, 889 (1977), quoting from *United States* v. *Harris*, 403 U.S. at 593 (Harlan, J., dissenting).

We also find that the second prong of *Aguilar* was satisfied. The affidavit need not contain all the information possessed by the officer seeking a search warrant, as long as there is enough information to inform the magistrate of the basis of the informant's tip. *United States* v. *Ramirez*, 279 F.2d at 716. The affidavit in question informed the magistrate that Dansker voluntarily provided the police with the telephone number of the person "whom he knows" to possess the stolen tickets. Standing alone, such a recital would not assure the magistrate that the informant was relating anything more than "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli* v. *United States*, 393 U.S. 410, 416 (1969). However, when taken in conjunction with the recital in the affidavit of Dansker's earlier arrest for selling stolen tickets, the words "whom he knows" give rise to the inference that Dansker was in league with the defendant and was disclosing firsthand information. The magistrate could also have inferred that the tickets sold by Dansker were part of the 1,400 tickets stolen on March 6, 1973, and that Dansker had acquired those tickets from the "party whom he knows to posses[s] the stolen tickets." The affidavit, by reciting facts permitting the inference of joint participation by Dansker and the defendant in criminal conduct, sufficiently informed the magistrate of the underlying circumstances upon which Dansker based his information, thereby satisfying the second prong of *Aguilar. Commonwealth* v. *Stewart*, 358 Mass. at 752. Contrast *Commonwealth* v. *Stevens*, 362 Mass. 24, 28 (1972), and cases cited.

It is apparent from the face of the affidavit that Dansker provided the police with several items of information. He gave the police a telephone number that he stated was "listed to" the person in possession of the tickets. From this statement the magistrate could have inferred that Dansker's information that a specific telephone number was listed to a particular person was based on his knowledge of that person's identify. Dansker also volunteered information concerning the "whereabouts" of the stolen tickets. Since Dansker was arrested with some of the 1400 stolen tickets in his possession, the magistrate could have inferred that knowledge of the location of the tickets was based on his observation of them. Personal observation is a constitutionally sufficient basis upon which to support a finding of probable cause. *Commonwealth* v. *Martin,* *supra* at 628-629, and cases cited. It was not necessary that the magistrate be informed specifically that Dansker had seen the tickets since he was permitted to draw reasonable inferences. *Commonwealth* v. *Vynorius,* 369 Mass. at 23, 24. It was reasonable for the magistrate to infer that Dansker had knowledge of both the defendant's identity and the location of the stolen tickets. We concur in the motion judge's conclusion that by giving a specific telephone number, Dansker was effectively providing the police with the name and address of the person in possession. We conclude that this information was sufficient to warrant a person of reasonable caution to believe that the stolen tickets probably were physically present in apartment S-58, 1514 Beacon Street, Brookline. *Commonwealth* v. *Stewart,* 358 Mass. at 749. *Brinegar* v. *United States,* 338 U.S. 160, 175-176 (1949).

*Norfolk County Indictment No. 66012.*

The defendant has raised the issue of probable cause with regard to his conviction on a similar Norfolk County indictment. His arguments have already been addressed above and need not be repeated. An additional issue of deliberate misrepresentation was raised at the pretrial

hearing, but since it has not been argued on appeal it is deemed waived. *Gerber* v. *Ty-Data, Inc.*, 5 Mass. App. Ct. 898, 899.

*Norfolk County Indictment No. 66009.*

The defendant argues that the firearm seized from his person was a fruit of the unlawful search of the apartment. Although our holding that the search of the defendant's apartment was not unlawful is dispositive of the defendant's argument, we also reject it on the ground that the police had probable cause to arrest the defendant on information independent of that gained during the search of the apartment. See *Commonwealth* v. *Glavin*, 354 Mass. 69, 72 (1968); *Commonwealth* v. *Weiss*, 370 Mass. 416, 420-421 (1976); *Commonwealth* v. *Boswell*, 374 Mass. 263, 266–267 (1978). Contrast *Commonwealth* v. *Dias*, 349 Mass. 583, 585 (1965); *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 54-55 (1974); *Silverthorne Lumber Co.* v. *United States*, 251 U.S. 385, 392 (1920).

There was evidence that while the police were inside the defendant's apartment executing the warrant, they heard someone put a key in the lock from the outside. One of the officers left the apartment through the kitchen and stationed himself in the vestibule (a common area) near the main entrance to the building. When the defendant reached this area the officer recognized him as Matthew Norris, placed him under arrest and searched him. A loaded pistol was found in the defendant's coat pocket. Prior to the arrest, and in addition to the information set out in the affidavit (note 2, *supra*), the arresting officer had seen, and he had with him at the time of the arrest, a police "wanted" flyer from California with photographs of the defendant and his wife thereon. Compare *United States* v. *Barrow*, 363 F.2d 62, 66 (3d Cir. 1966), cert. denied 385 U.S. 1001 (1967). Also, the police knew that Dansker had identified by name the person depicted in the flyer. Compare *Commonwealth* v. *Boswell*, 374 Mass. at 265. They had been informed by Dansker that Norris

had told him that he had an apartment in Brookline. As the arrest was made on probable cause, it was lawful and as the search of the defendant was incidental to the arrest, the weapon found during that search was properly seized. *United States* v. *Robinson*, 414 U.S. 218, 224 (1973). *Commonwealth* v. *Wilbur*, 353 Mass. 376, 379, cert. denied 390 U.S. 1010 (1967).

*Judgments affirmed.*